Submitted on records and briefs October 25, affirmed
November 18, 1974

ANDREWS, *Appellant, v.* ANDREWS (No. 29888),
*Respondent.*
528 P2d 103

David M. Logan and Logan & Spickerman, Eugene,
filed the brief for appellant.

James H. Spence and Farrell & Spence, Roseburg,
filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

TANZER, J.

This is an appeal from an order modifying the support order of a divorce decree. When the parties were divorced in 1966, the court awarded custody of the parties' one-year-old child to the appellant. Respondent was ordered to pay $35 per month support for the child until she became five years of age, at which time the payment was to increase to $50 in anticipation of the greater expenses incurred as the child grew older and entered school. The child is now in the third grade.

Appellant remains single. Due to a work-related accident and an automobile accident, she presently receives $180 per month aid to the disabled from the Public Welfare Division and is attending vocational schooling under the auspices of the Vocational Rehabilitation Division of the Department of Human Resources. She hopes to complete her training within six to nine months of the trial court hearing.

Respondent remarried in 1967 and has two children, aged six and three, of this marriage. His income as an assistant manager of a grocery store has increased from $6,400 in 1966 to $10,000 per year now, with present take-home pay of $484 per month, excluding an automobile and furniture payment of about $145 per month. His present wife is unable to find suitable work which will allow her to tend to the children, particularly in view of respondent's irregular work hours.

Both parties list monthly expenses in excess of their incomes.

Appellant moved for modification of the support order from $50 to $100. The trial court took note of the anticipatory nature of the original support order, the respondent's additional income and additional family responsibilities the effect of inflation on costs and upon earnings potential of the appellant, the first-hand observations of the parties, and appellant's need for vocational training. Based upon those considerations and upon the view that both parents are responsible to contribute to the support of their child, *see D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1963), the trial court modified the order to require respondent to pay $75 per month for six months, the time required for appellant to complete her training, and to resume the present $50 payment thereafter.

We believe the trial court correctly weighed all factors and we agree with its order.

Affirmed.