Argued February 6, affirmed March 18, 1964

# TURNER *v.* TURNER
### 390 P. 2d 360

*James L. Hannam,* Portland, argued the cause for appellant. With him on the brief were Fred C. Shafer and Francis F. Yunker, Portland.

*Bernard B. Kliks,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

PER CURIAM.

The plaintiff husband sued for divorce; the defendant wife cross-complained for divorce. The trial court granted the husband's suit and awarded custody of the couple's now 10-year-old boy and 6-year-old girl to the husband. The wife contends both rulings are erroneous.

The wife's brief accurately characterizes this case: "The testimony of the parties and their witnesses constitutes what might be termed the usual charges, denials and attempted bolstering of contentions with neighbors, friends and enemies. * * * Each litigant moved into battle all of the armament at his command. * * *"

■ There is ample evidence to support the trial court's decree awarding the husband a divorce. With the contradictory testimony and inferences here present we will not substitute our judgment, based upon the transcript and the exhibits, for that of the tribunal that heard and saw the parties and other witnesses.

The same observation is apposite to the custody portion of the decree. The wife moved from her home in January, 1962, leaving her husband and the two children. The evidence is conflicting as to her motive and what, if any, provision she made for caring for the two children. The husband has had the two children ever since and it appears they are relatively well cared for and physically and emotionally normal.

■■ The decree provided that each party would pay his own attorneys fees and costs. The defendant wife asserts this is error. This is a matter largely within the trial court's discretion, considering, among other factors, the financial resources of the parties, the

property division made by the decree, and the fault of the parties. *Blake v. Blake,* 147 Or 43, 53, 31 P2d 768 (1934). The trial court acted within its discretion.

Affirmed with costs to neither party.