Submitted on record and briefs July 12, affirmed August 23, 1968

WATSON, *Appellant, v.* WATSON,
*Respondent.*

444 P. 2d 476

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This was a proceeding by the defendant husband to amend a decree of divorce by deleting therefrom a provision requiring him to pay plaintiff alimony in the sum of $75 per month. The parties were divorced February 3, 1965. Subsequently, defendant instituted a request to reduce the amount of the alimony, which was denied on February 16, 1967. Thereafter, he commenced the present proceeding in which a hearing was held October 3, 1967. The court deleted the provision for alimony and plaintiff appealed.

Plaintiff contends that the court was without authority to make the deletion because defendant's initiatory affidavit failed to allege any change of circumstances subsequent to the prior hearing on the same matter. Defendant's affidavit alleged only that plaintiff was then in good health and physically able to support herself. It did not allege plaintiff's previous condition, thus showing that her present condition was different from that previously considered by the court.

A party who requests a modification of a pro-

vision of a divorce decree relating to support or alimony must allege and prove a change in the circumstances of one or the other of the parties sufficient to justify the modification requested. Such allegations are necessary to apprise the other party of the grounds upon which the applicant intends to rely for a modification so that a defense may be prepared. *Hurner v. Hurner,* 179 Or 349, 357, 170 P2d 720 (1946). Defendant failed to allege that plaintiff's previous condition was any different from that which he alleged presently existed. However, plaintiff's own answering affidavit supplied the necessary missing allegations. Plaintiff's affidavit alleged that she was presently in the same condition as she previously had been, i.e., in poor health and unable to work. The missing allegation in an initiatory affidavit may be supplied by the answer thereto. *State ex rel v. Downing,* 40 Or 309, 325, 58 P 863, 66 P 917 (1901). There is no doubt from a reading of plaintiff's affidavit that she fully understood that defendant was applying for a modification on the basis of a change in the condition of her health. Thus, she was in a position to meet the challenge.

■ Plaintiff also contends that there was no proof of plaintiff's previous condition. No proof was necessary in view of plaintiff's allegations that her previous condition was one of ill health and inability to work. There was adequate proof of plaintiff's present ability to work.

Plaintiff's contentions are without merit. The modification of the decree by the trial court is affirmed.