Argued April 27, affirmed May 28, 1970

HOWSER, *Appellant, v.* HOWSER, *Respondent.*

469 P2d 790

*Ernest Lundeen,* Eugene, argued the cause and filed the brief for appellant.

*Robert D. Puckett,* Klamath Falls, argued the cause for respondent. On the brief were Proctor & Puckett, Klamath Falls.

Before Schwab, Chief Judge, and Foley and Branchfield, Judges.

PER CURIAM.

A decree was entered in Klamath County Circuit Court in 1967 requiring plaintiff to pay child support of $75 per month for each of three children. On December 2, 1968, plaintiff, pursuant to ORS 107.130, filed a motion to modify the decree by reducing the child support based on changed circumstances. The court denied the motion on April 11, 1969, after a hearing. Plaintiff did not appeal from this order. On May 12, 1969, with a different attorney, plaintiff commenced a new proceeding to modify the decree, based on a particularized version of the same grounds that were found insufficient by the April 11, 1969, order. Plaintiff sought and obtained a different judge to hear the "new" proceeding. On June 25, 1969, the "new" court, after a hearing, by order dismissed plaintiff's May 12, 1969, motion to modify the decree as to support payments. The court then properly ruled that he would not re-examine the April 11, 1969, order, and then proceeded to find that there was no change of circumstances from the prior order of April 11, 1969, either alleged or contained in plaintiff's "offer of proof."

Plaintiff appeals contending there was a showing of a change in circumstances even since the April 11, 1969, order. An examination of the transcript and supporting papers supports the lower court's finding. The "new" proceeding was only an attempted duplication of the previous proceeding.

■ The law in Oregon continues to be:

"A party who requests a modification of a provision of a divorce decree relating to support or alimony must allege and prove a change in the circumstances of one or the other of the parties sufficient to justify the modification requested. Such allegations are necessary to apprise the other party of the grounds upon which the applicant intends to rely for a modification so that a defense may be prepared. *Hurner v. Hurner*, 179 Or 349, 357, 170 P2d 720 (1946). * * *" *Watson v. Watson*, 251 Or 65, 66-67, 444 P2d 476 (1968).

■ Plaintiff also appealed from the order allowing defendant $255 attorney fees and court costs. The lower court properly awarded attorney fees pursuant to ORS 107.130 which provides in part:

"(3) The court may assess a reasonable attorney's fee against an unsuccessful moving party who files a motion to set aside, alter or modify a decree as in this section provided."

Affirmed.