Argued November 24, affirmed December 23, 1970

## COSTANZO, *Respondent, v.* COSTANZO, *Appellant.*

478 P2d 440

*David K. Young*, Portland, argued the cause and filed the brief for appellant.

*Robert N. Gygi*, Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is an appeal by defendant wife from that portion of a divorce decree making a division of property and awarding her $200 monthly alimony. She also appeals from the court's failure to award her attorney fees.

A brief statement of facts is necessary for a proper understanding of the issues of property division and alimony.

The parties were married in 1950 and have four minor children, who are in defendant wife's custody. In 1964 the parties became permanently separated and the wife filed for divorce but dismissed those proceedings in 1966. After the separation in 1964, the parties divided their property, the wife receiving possession of a $25,000 residence, plus furnishings, $12,746 in cash and a Cadillac automobile. Thereafter the husband paid her $500 per month for the support of the children plus medical expenses. He also made the monthly house mortgage payments of $174 and the car payments.

The learned trial judge, after hearing the evidence on the issues of divorce, child support and property division, entered a decree awarding plaintiff husband a divorce but requiring him to pay to defendant $800 per month child support,[*] $200 per month alimony and $12,500 in lieu of any ownership interest in plaintiff's trailer sales businesses. The plaintiff husband was also ordered to repay to the defendant a

---

[*] $200 per month per child.

$5,000 loan and to insulate the wife from any of his obligations. The decree awarded defendant wife the aforementioned residence property subject to the mortgage against it and also awarded her all household furnishings and fixtures.

■ Defendant wife's principal claim is that she should have been allowed a percentage of profits from plaintiff's businesses instead of the $12,500 award. In view of the demonstrated fluctuations of his business earnings and considering that plaintiff's personal contingent liabilities were in excess of $4,000,000, the trial court decided to make a lump-sum award to defendant which, though not generous, was subject to no business risks. We cannot disagree with this determination.

> "The division of the property of the parties to a divorce is largely in the discretion of the trial court and its determination will not be disturbed unless it is clearly erroneous. *Barone v. Barone*, 207 Or 26, 33, 294 P2d 609 (1956). The same is true in the matter of alimony. *Koufasimes v. Koufasimes*, 206 Or 400, 407-408, 293 P2d 200 (1956)." *Sandner v. Sandner*, 243 Or 349, 350, 413 P2d 424 (1966).

See also, *Cooley v. Cooley*, 1 Or App 223, 461 P2d 65 (1969) ; *Stettler v. Stettler*, 2 Or App 119, 467 P2d 130 (1970). We have carefully examined the record and find that both the property division and the allowance of alimony were equitable.

■ With regard to the issue of attorney fees, since the divorce was awarded to plaintiff husband, the trial court apparently did not believe defendant wife was entitled to an allowance for attorney fees. The allowance of attorney fees and costs is a matter within the discretion of the trial court. *Turner v. Turner*, 237 Or 39, 390 P2d 360 (1964). We find no abuse of that dis-

cretion in the court's denial of attorney fees and costs to either party.

Affirmed.