Argued February 28, affirmed April 16, 1973

OSTERHOLME, *Respondent, v.* OSTERHOLME,
*Appellant.*

508 P2d 824

*Nicholas D. Zafiratos,* Astoria, argued the cause and filed the briefs for appellant.

*Hayes Patrick Lavis,* Astoria, argued the cause for respondent. With him on the brief were Anderson, Fulton, Lavis & Van Thiel, Astoria.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

## THORNTON, J.

Defendant husband appeals from the denial of his motion to terminate, or modify, the alimony payments required of him under a divorce decree.

The parties to this appeal were divorced in 1968. The decree ordered the defendant to pay "$100.00 per month by way of alimony for a period of ten years and one month * * *."

On January 19, 1972, defendant filed his motion to modify the decree by deleting the alimony requirement. In his supporting affidavit, the defendant asserted a material deterioration in his financial position resulting from a loss in pay, and from his remarriage. He also alleged an improvement in plaintiff wife's situation deriving from a $31,000 condemnation award paid to her by the state.

On April 24, 1972, two days before the hearing date set for the condemnation motion, the plaintiff wife filed a motion seeking to hold the defendant in contempt for failure to pay alimony.

At the modification hearing the plaintiff attempted to defend against the modification by introducing

evidence of defendant's alimony payment delinquencies. Plaintiff's attorney maintained that he was proceeding under the motion for contempt, although this motion was not accompanied by an affidavit, as required by statute, ORS 33.040, and although the trial judge had apparently never seen the motion prior to the hearing.

The trial court offered to set a later hearing date for the contempt motion, but plaintiff continued to urge the delinquent alimony evidence. Defendant consistently objected to any testimony on alimony arrearages, and the trial court sustained the objections, excluding all such evidence. Plaintiff, however, preserved the record on alimony payments through an offer of proof.

After the hearing, the trial court denied the motion to modify. Although the court had excluded all evidence concerning delinquencies in alimony payments, the court relied on this evidence in refusing modification. In a letter to counsel for the parties, directing the preparation of the order, the court said that the decree "could be modified," but that "it would be most inequitable to do so until the alimony due and owing to date is paid * * *."

On appeal, the defendant attacks the decision of the trial court. The defendant contends that the contempt motion was improper, that, in any event, nonpayment of alimony should not constitute a defense to a modification motion, and that, having excluded all evidence relating to delinquent alimony, the trial court then improperly relied on this evidence in denying modification.

However, we do not reach this procedural question, since we hold that the defendant failed to show

a material change in circumstance sufficient to warrant modification.

■ Similarly, we need not decide whether the monthly payments at issue here may represent a property settlement rather than a support obligation. If the payments were designed to adjust property rights, they would not be subject to modification. ORS 107.135. *Hurner v. Hurner,* 179 Or 349, 170 P2d 720 (1946). However, as noted above, even assuming that the payments are only for support, still the defendant has not justified their modification.

■ The defendant husband, who is seeking modification, is required to show a material change in his ability to pay support, or in the plaintiff's need for support. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967); *Strickland v. Strickland,* 183 Or 297, 192 P2d 986 (1948).

■ In this case the defendant failed to prove any material alteration in either his or the plaintiff's financial situation. Since the divorce the defendant apparently has changed jobs and has remarried. However, both of these changes antedate an earlier modification motion filed by defendant in 1969. That motion was also denied and defendant cannot now rely on events prior to the 1969 motion. *See, Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972); *Howser v. Howser,* 2 Or App 474, 469 P2d 790 (1970).

■ Since 1969 defendant's income has increased each year, except for a slight decrease in 1970. His earnings for the first three months of 1972, immediately preceding the modification hearing, certainly do not indicate any decrease in income, and may suggest a slight increase.

Thus, defendant failed to prove any decrease in

his earning capacity, or to isolate any other factor which has altered his ability to pay support.

The defendant also did not show any material improvement in the plaintiff's financial situation. The plaintiff is employed, and has been since before the divorce, but her earnings since 1969 have not increased appreciably.

Defendant, in seeking to prove a change in circumstances, principally relies on the $31,000 condemnation award received by the plaintiff. The state paid plaintiff this award in late 1970 and early 1971 in settlement of her claim for damages resulting from the condemnation of the property granted to her under the divorce decree.

Defendant contends that this $31,000 award materially improved the plaintiff's financial condition. However, the evidence does not sustain the defendant's contention.

Before the condemnation, the plaintiff had a house and property apparently worth about $31,000 and encumbered by an outstanding $7,000 mortgage obligation. After the taking, the plaintiff purchased a new house and property worth about $23,000, and also encumbered by a $7,000 mortgage.

Plaintiff testified that the remainder of the condemnation award was spent on attorney's fees, incurred during settlement negotiations prior to the condemnation, on back taxes, and on some furniture for the new house. Defendant did not contradict this testimony.

Thus the condemnation award does not appear to have materially altered the plaintiff's need for support.

We hold that the defendant failed to prove any alteration in circumstance sufficient to justify any modification of the support payments. We therefore affirm the decision of the trial court, albeit on other grounds.

Affirmed.