Submitted on appellant's brief October 18,
reversed November 5, 1973

# BRIDGES, *Respondent, v.* BRIDGES, *Appellant.*

515 P2d 427

William M. Sloan, Grants Pass, and Johnson, Sloan & Jordan, Grants Pass, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

SCHWAB, C. J.

Defendant wife appeals from an order of the circuit court modifying a decree of dissolution of marriage by deleting the provision for alimony.

The parties were married in 1949. In 1971, the parties signed a settlement agreement which contained a provision providing for the payment of $100 per month "as alimony and support." The dissolution decree provided for alimony payments in the sum of $100 per month.[1]

■ The bases of Mr. Bridges's motion to delete the alimony provision were that his income had decreased and that Mrs. Bridges had obtained employment. The record does not support these allegations. Mrs. Bridges was employed both at the time of the decree and the time of the modification hearing without any substantial change in income. Between the time of the decree and the time of the modification hearing Mr. Bridges's monthly earnings increased by $49 per month.

■■ The real thrust of Mr. Bridges's argument was that the provisions of the divorce decree for alimony and child support imposed too great a financial burden upon him. If so, he should have appealed from the decree. A motion for modification is not an acceptable

---

[1] The decree also contained provisions for child support in the amount provided for in the settlement agreement. Those provisions are not at issue here. We note, however, that at the dissolution hearing the plaintiff husband alleged that reasonable amounts for both alimony and child support were those amounts which the decree provided should be paid.

substitute for an appeal. *Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972).

■ A party seeking a modification of a provision of a divorce decree relating to support must allege and prove some material change of circumstances subsequent to the decree. *Watson v. Watson,* 251 Or 65, 67, 444 P2d 476 (1968); *Osterholme v. Osterholme,* 13 Or App 73, 508 P2d 824 (1973).

Reversed.