Argued November 1, affirmed November 26, 1973

# D'AMBROSIO, *Respondent, v.* D'AMBROSIO, *Appellant.*

515 P2d 1353

*James C. Farrell,* Roseburg, argüed the cause for appellant. With him on the brief were Washburn, Farrell & Spence, Roseburg.

*Robert H. Anderson,* Roseburg, argued the cause for respondent. With him on the brief were Stults, Jayne, Murphy & Anderson, Roseburg.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

The issue here is whether a mother should be required to pay child support to her former husband, who has custody of the three children of the parties.

The parties were divorced in August of 1970, the mother being given custody of the children, ranging in age from seven years to nine years, and the father being directed to pay child support totaling $175 per month.

On May 3, 1972, pursuant to a motion filed by the father and not contested by the mother, custody of the children was changed to the father. The father did not then seek or receive an award of child support.

In the fall of 1972, the mother gave birth to another child not that of her former husband. On April 1, 1972, the mother terminated her employment as a sales clerk with a take-home pay of approximately $250 per month, and commenced working in a lumber mill with a gross pay of approximately $600 per month, and a take-home pay of something over $400 per month. The record is silent as to whether or not the father knew of the change of the mother's income at the time the change-of-custody order was entered.

In March of 1973, the father moved for an order requiring the mother to pay child support. At the

hearing on the motion the mother testified that she had changed employment to a job requiring hard physical labor in order to meet her living expenses totaling $266 per month, and to pay off debts of some $1,200. The hearing disclosed that the father was earning about $1,000 per month gross and was not in any financial difficulty or otherwise unable to adequately support the three children. The mother indicated that she did not want to work permanently. In response to a question as to why she took on the higher-paying job, she stated:

"So I could pay my bills off. I just want to quit work and have a happy home when I get married."

The court denied the motion for support money, stating:

"Counsel is entirely correct in saying that Oregon law does not foreclose a request for child support from the noncustodial parent, even though that noncustodial parent be a woman, instead of a man. I will say that this is the first time in eighteen years, or almost eighteen years, on the bench that I have ever had this request presented to the court. The reason, however, for denying the motion for modification is that I think—the mother in this case is to be commended for not doing what the court sees in the usual situation of just going on welfare, staying at home and allowing the taxpayers to, in effect, foot her bills and pay for support of her last child. The father in this case is well able to support the children and is well able to provide them with all of their daily needs. He has been able to stay current on his obligations, and I see no reason why he can't continue to do so.

"In the event that his parents or his relatives having a legal claim on his income should become ill and his ability to support these children should be diminished by reason of that, that would be

another circumstances [sic], but this will have to abide the future."

1. In Oregon the sex of a noncustodial parent is immaterial in determining his or her duty to contribute child support.

"(1) * * * [T]he court has power * * * to decree * * *:

"(a) For the future care and custody of the minor children of the marriage as it may deem just and proper. * * * No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

"(b) For the recovery from the party not allowed the care and custody of such children, such amount of money, in gross or in instalments, or both, as may be just and proper for such party to contribute toward the support and welfare of such children. The court may at any time require an accounting from the custodian of the children with reference to the use of the money awarded." ORS 107.105 (1).

On the record before us, if there had been a timely motion, the mother would very probably have been required to pay some support for her children. We doubt that any court would not require a father earning $600 per month to pay some child support just because he was paying off debts totaling no more than $1,200.

2. However, in this case we affirm the order of the trial court denying an award for the reason that:

"'A party who requests a modification of a provision of a divorce decree relating to support or alimony must allege and prove a change in the circumstances of one or the other of the parties sufficient to justify the modification requested. Such allegations are necessary to apprise the other party

of the grounds upon which the applicant intends to rely for a modification so that a defense may be prepared. *Hurner v. Hurner,* 179 Or 349, 357, 170 P2d 720 (1946) * * *.' " *Howser v. Howser,* 2 Or App 474, 469 P2d 790 (1970), citing *Watson v. Watson,* 251 Or 65, 66-7, 444 P2d 476 (1968).

Here, as pointed out above, the facts are that the mother was earning $600 per month at the time the father obtained custody. He has not borne his burden of proof of either showing a change of circumstances or showing that with the exercise of diligence he could not have known of the extent of her earnings and moved accordingly prior to the entry of the May 3 order changing custody to him.

Affirmed.