Argued May 17, reversed and remanded June 28, 1974

BETTS (No. 342-189), *Appellant, v.* BETTS,
*Respondent.*
523 P2d 1055

*John M. Wight,* Portland, argued the cause for appellant. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*W. David Alderson,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal from a denial by the circuit court of a motion by appellant-wife to increase the husband's support obligation for the parties' three children. The decree, entered in 1969, provided that the husband was to pay $100 per month per child until the children reached majority or were otherwise emancipated. The wife's motion sought to increase the support payment to $125 per month per child.

The issue before us in this de novo review is whether the wife has established, by a preponderance of the evidence, a change in circumstances which would warrant an increase in child support.

The evidence is that the husband's income has doubled in the five years since the decree, from approximately $9,300 per year in 1969 to $18,500 at the time of the modification proceeding. The wife's income has increased to some extent since the time of the decree, from $50 per month to approximately $300 per month. The wife has not remarried. The cost of supporting the children has increased. At the time of the decree the children were 4, 7 and 8. They were 9, 12 and 13 at the time of the modification hearing and involved in outside activities normal to children their age, including Girl Scouts, ballet lessons and skiing, and the cost of these activities has increased.

The husband testified that although his income has increased, his obligations have also increased markedly. He has remarried and has one child by his present marriage. In addition, he is supporting three children of his present wife by a former marriage. Other obligations include monthly payments on a $36,000 home occupied by the husband and his present family. In addition, he testified he owes and in most cases is making monthly payments on $1,223 owed BankAmericard, $2,357 owed Beneficial Finance, $2,328 owed his former employer, $1,000 owed his mother and $886 owed Sears Roebuck and Co.

■ There is no question but that there has been a change of circumstances where the husband's income has doubled and the costs of maintaining and providing for the three children has substantially increased. *Strickland v. Strickland,* 183 Or 297, 303, 192 P2d 986 (1948).

■ The father also is confronted with increased costs. However, at the time of the divorce he was contributing approximately 40 percent of his gross in-

come as child support. At present he is paying less than 20 percent of his gross income for the support of these same children. In addition, it must be presumed that the husband had in mind his obligation to his children by the first marriage when he assumed the further obligations of his second marriage. *See Rowley v. Rowley*, 232 Or 285, 375 P2d 84 (1962).

■■ Each case must be decided upon its own peculiar facts and circumstances. In this case we think that the husband's remarriage and the fact that he has contracted somewhat large new financial obligations should not deprive the children of the first marriage of a modest increase in support payments. We thus conclude that the various changes in circumstances enumerated above justify an upward adjustment of the monthly support payments for the support of the three children to $115 per month per child, and the decree should be so modified.

Reversed and remanded.