Submitted on record and briefs August 19, affirmed
September 9, 1974

ARMSTRONG, *Respondent, v.* ARMSTRONG
(No. 77510), *Appellant.*

526 P2d 449

Stephen D. Brown, Eugene, for appellant.

Robert K. Naslund, Springfield, for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

The parties were divorced in 1965. The wife, appellant herein, was awarded custody of the three minor children with support of $35 per month per child. She sought an increase in the support award to $100 per child, and the court increased the amount to $60 per month per child. She appeals.

Her sole contention is that the trial court erred in not considering inflation. In *Strickland v. Strickland,* 183 Or 297, 303, 192 P2d 986 (1948), our supreme court said:

"* * * The cost of clothing, maintaining, and educating the daughters is much greater now than it was at that time, due to their ages and the increased cost of living. And defendant also is confronted with the increased cost of living."

If we correctly understand appellant, it is that, as a matter of law, inflation alone, without regard to any change in the circumstances of the parties involved or the needs of the children, should, by itself, entitle her to an increased support award.

In *Newman v. Newman,* 8 Or App 220, 222, 493 P2d 71, Sup Ct *review denied* (1972), we said:

"* * * In determining the amount of child support to be allowed, the court should consider all the circumstances of the parties, the needs of the children and '* * * the social standing, comforts and luxuries of life which * * * [they] would probably have enjoyed but for the divorce.' *Hendrix v. Hendrix,* 246 Or 51, 52, 423 P2d 774 (1967); *Trombley v. Trombley,* 225 Or 209, 357 P2d 283 (1960). * * *"

The record here shows that the trial court did correctly consider "all the circumstances." Indeed, the court said:

"I think that $35 a month per child is unrealistic at this time. While there may have been some justification for it at the time of the divorce and the entry of the decree, the children were very small then and they are now at what I consider to be a very awkward age. They're too young to work appreciably to help themselves with bicycles and allowance and things that they want, but they are rapidly getting to that age.

"High school years are more expensive as are junior high, and I think that could be considered a change in circumstances that should be taken into consideration.

"I'm sure some of Mr. Armstrong's increased earnings are the result of advances in salary to counteract some inflation, plus just normal seniority on the job and what he's doing.

"I think, however, in view of his net earnings, that a hundred dollars a month is also unrealistic. So I'm going to order an increase in the amount of support, from $35 a month to $60 a month per child."

It is obvious from the foregoing that the trial court considered inflation as one of the factors to be evaluated in determining both the needs of the children and the existence of a change of circumstances.

The appellant here has not furnished us a transcript of the evidence, other than the court's opinion. We cannot, therefore, review the award. *Nichols v. Nichols,* 3 Or App 103, 471 P2d 841 (1970).

Affirmed.