Argued May 28, affirmed in part; reversed in part July 8, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
.FROTHINGHAM, *Respondent, and*
FROTHINGHAM (No. 85161), *Appellant.*

537 P2d 1174

*Kathleen Nachtigal,* Portland, argued the cause and filed the brief for appellant.

No appearance by respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Appellant-wife appeals from an order of the circuit court modifying a dissolution of marriage decree by reducing the monthly child support obligation of respondent-husband.

The wife contends that the trial court erred in reducing the amount of child support because the husband failed to prove a material change of circumstances meriting such a reduction. She further contends that the court erred in not awarding her reasonable attorney's fees and costs in defense of the motion to modify.

The parties to this appeal were divorced on April 19, 1974.[1] The decree ordered the husband to

---

[1] The dissolution of marriage decree was entered on April 19, 1974, and an amended decree of dissolution of marriage was entered on October 11, 1974, nunc pro tunc to April 19, 1974.

pay $250 per month in child support for the two children born of the marriage. The decree made no provision for support of the wife.

On December 4, 1974, the husband filed his motion to modify the dissolution decree by reducing the amount of child support.

■ A party seeking a modification of a provision of a dissolution decree relating to support must allege and prove some material change of circumstances subsequent to the decree. *Norris v. Norris*, 182 Or 101, 186 P2d 67 (1947); *Bridges v. Bridges*, 15 Or App 275, 515 P2d 427 (1973); *Osterholme v. Osterholme*, 13 Or App 73, 508 P2d 824 (1973).

■ In his affidavit in support of his motion for modification, the husband asserted as a material change of circumstances the following:

"1) My former wife, Patricia Louise Frothingham, is presently working full time with a substantial increase in earnings since the dissolution, at which time she was working only part time.

"2) Your affiant is presently unemployed, and due to obligations in connection with the dissolution of marriage, is unable to pay the present amount of support required by the aforementioned Amended Decree."

A hearing was held on the motion and after listening to testimony from both parties the circuit court modified the support obligation of the husband by reducing it $50 per month.

We conclude that the husband failed to show a material change of circumstances which would warrant a reduction in the amount of child support and that the trial court erred in modifying the decree.

■ The husband alleges that he is presently unemployed, and that because of obligations with respect

to the marital debt which the decree obligated him to satisfy he is unable to meet the present amount of support. By making such an argument the husband is actually attempting to challenge the original decree. At the time of the original decree the husband was unemployed and the trial court was aware of that fact. The husband does not contend that original decree was improper when rendered. In any event, as we said in *Bridges v. Bridges,* supra at 276-77, if the provisions of the decree imposed too great a financial burden upon him, he should have appealed from the decree. A motion for modification is not an acceptable substitute for an appeal. *Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972). The husband's second point in his affidavit does not constitute a material change of circumstances.

The husband's only other allegation of a material change of circumstances is that the wife is working full time whereas at the time of the decree she was working only part time.

■ Although our research discloses no Oregon cases which have considered an increase in the wife's income as a circumstance to consider with respect to a reduction of child support, we think that such a factor is a proper circumstance to consider. *See, Holesinger v. Holesinger,* 252 Iowa 374, 107 NW2d 247 (1961); *Holbrook v. Holbrook,* 116 Utah 114, 208 P2d 1113 (1949).

■ After reviewing the record we conclude that the wife's increase in wages as a result of working five days a week instead of the three days a week she was working at the time of the decree is not a sufficient change of circumstances to warrant modification of the original decree.

The wife was employed at the time of the decree, and in view of the fact that no provision for

her support was included in the decree it seems likely the trial court contemplated her continued employment. She testified that prior to going to work full time her net income, including child support, was far below the needs of the family, and that she specifically went to work full time in order to pay back taxes owed on the family home, which she was awarded in the decree. The wife's increased salary has been used to make up the deficit between her net income and the amount of money required to provide care for herself and her children. We do not consider such an increase in salary a material change of circumstances which warrants a reduction in child support payments. The payments are to remain as fixed by the trial court in the dissolution decree.

We further note that the husband is a well educated man with two vocations, carpenter and teacher. His potential income far exceeds that of the wife. Although he has been unemployed for some time, a man with his background should in due course find employment. In light of the husband's work background, training and future earning power, we think it unwise to reduce the child support at this time.

█ The wife's second assignment is that the court erred in not awarding her attorney's fees and costs. From our review of the record we conclude that each party should defray its own costs and attorney fees in the trial court as well as on appeal.

Affirmed in part; reversed in part. No costs to either party.