Argued September 19, affirmed October 13, 1975

In the Matter of the Dissolution of the Marriage of
AMICO, *Appellant, and* AMICO (No. 82718),
*Respondent.*

540 P2d 1017

*Bruce W. Williams, P.C.,* Salem, argued the cause and filed the brief for appellant.

*J. Philip Parks,* Salem, argued the cause for respondent. With him on the brief were Miller, Beck & Parks, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

After ten years of marriage in which three children were born, appellant-wife sought and obtained a marriage-dissolution decree in March 1974. The parties agreed (it was apparently an oral agreement arrived at as they prepared to go to trial) upon disposition of their property, that wife should have custody of the children and husband, a dentist, should pay $125 per month each for their support. The court approved the agreement and it became a part of the decree. Approximately ten months later wife returned to court seeking an increase to $200 per month each for the children, alleging changed circumstances in that "* * * [d]ue to inflation * * * and the increasing needs of the three children as they mature, it is impossible for me to provide [their] necessaries * * *." After hearing, the trial court held there was insufficient showing of changed circumstances and the motion was denied. This appeal was taken.

The hearing disclosed little change in easily foreseeable circumstances during the ten elapsed months. Wife had gone to work as a well-paid secretary, an occupation at which she had previous experience. She sought to maintain for the children and herself a standard of living that might have been anticipated for them if the dissolution had not occurred. The affidavit accompanying the motion had not made an issue of allegedly increased net earnings of husband; however, after the court sustained husband's objection thereto, evidence of husband's earnings was produced at wife's instance under the equity rule. Such evidence, if proper, carried no substantial proof of increased earnings on his part.

The amount of child support originally decreed ($125 monthly per child) was probably less than it should have been under the circumstances. Such sum appears to have been agreed upon in order to be finished with the agony of the dissolution proceeding. Not being grossly out of line, the court approved of the agreement in this regard, and the contest was thus merely postponed for ten months. But the change-of-circumstances rule has intervened. Wife argues that the children should not be made to suffer the consequences. With that we heartedly agree. The change-of-circumstances rule is not inflexible. What may be held to be a change in one circumstance may not be so held in another. If children were harshly dealt with by their parents and the court in a given case, and no appeal was taken by either party but thereafter efforts were made to right the harsh wrong, we have no doubt the change-of-circumstances rule, or other equity rules, is sufficiently flexible to accomplish that end.

■■ However, where the amount of support as originally set is not substantially awry, as here, there must be a showing of some material change in the circumstances that govern the allowance of support for a court to hold that the decree should be altered. Ten months after decree, with no unexpected or unforeseeable change, is *normally* too soon for changing facts to fall into that perspective which clearly indicates to a court that circumstances have changed sufficiently to indicate a change in the decree.

Affirmed. Costs to neither party.