Argued June 22, affirmed in part; reversed in part August 2, 1976

HARDER, *Appellant—Cross-Respondent,*
*v.*
HARDER, *Respondent—Cross-Appellant.*
(No. 353-909, CA 4333 and 5613)

552 P2d 852

*Ferris F. Boothe,* Portland, argued the cause and filed the briefs for appellant—cross-respondent.

*Gile R. Downes,* Portland, argued the cause for respondent—cross-appellant. With him on the brief were Jensen, DeFrancq, Holmes & Schulte, Portland.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

Both plaintiff-wife and defendant-husband appeal from an order of the circuit court modifying the child support provision of a dissolution decree. Wife also appeals from an order of the court dismissing her motion to vacate the property settlement provisions of that same decree.

Anticipating the dissolution of their marriage, husband and wife entered into a property settlement agreement in July of 1970 which was incorporated into a decree entered in August of that year. Pursuant to the terms of that decree wife was awarded custody of the four minor children of the parties and husband was ordered to make support payments in the amount of $200 per month per child, to pay all medical, dental and hospital expenses incurred by wife on behalf of the children and to maintain a life insurance policy designating the children as irrevocable beneficiaries. The decree made no provision for spouse support.

Wife filed a motion for the modification of the decree's child-support provision in May of 1972 based on increased costs for the children and increased earnings of husband. A full and contested hearing on that motion held in August of that year resulted in its denial; no appeal was taken from that decision. Requesting an increase in total child support from $800 to $1,600 per month, wife thereafter filed a second motion for modification in December of 1974, citing the advanced ages of the children, the impact of inflation upon living costs and expenses, and the enhanced financial position of husband—resulting from both inheritances and the sale of his interest in a family business—as major changes in the circumstances of the parties warranting the requested increase. Prior to the commencement of the hearing on this motion it was amended by wife to include a request for an additional $100 per month per child, that is, a total request for monthly support payments of $2,000. A second proposed amendment in the form

[ 339 ]

of a request for an increase of yet another $100 per month per child, which amount would be used by the children to compensate wife for the income and employment opportunities lost to her as a result of her status as a full-time custodial parent, was not allowed by the court. Subsequent to the conclusion of the hearing on the amended motion the court entered an order increasing husband's monthly support payments from $200 to $300 per child, indicating that the substantial inflation in costs between 1970 and 1974, together with the increased costs arising from the maturation of the children, constituted a sufficient basis for the increased award.[1]

At the outset husband contends that the order increasing his monthly obligation must be reversed because the court improperly based its decision upon a change in the circumstances of the parties which took place over the entire period between 1970 and 1974 despite the fact that the "change of circumstances" occurring between 1970 and 1972, when wife made her first request for modification, had previously been determined to be an inadequate basis for an increase in support. That one seeking to modify the support provisions of a dissolution decree must both allege and prove a material "change of circumstances"—affecting either the noncustodial parent's ability to pay or the needs of the children involved—since the entry of the last order on the decree has been well established.[2]

---

[1] The court also awarded wife $1,400 in attorney fees and some $300 in actual expenses. Wife argues that this award was both arbitrary and inadequate in light of evidence introduced in support of her request for an award in the amount of $3,000. The amount of the fees granted was, however, a matter within the sound discretion of the trial court; we find no abuse of that discretion in this case. ORS 107.135(3); *Turner v. Turner,* 237 Or 39, 390 P2d 360 (1964); *Nolan v. Nolan,* 20 Or App 432, 532 P2d 35, Sup Ct *review denied* (1975); *Costanzo v. Costanzo,* 4 Or App 284, 478 P2d 440 (1970).

[2] *Watson v. Watson,* 251 Or 65, 444 P2d 476 (1968); *Hurner v. Hurner,* 179 Or 349, 170 P2d 720 (1946); *Frothingham and Frothingham,* 22 Or App 39, 537 P2d 1174 (1975); *Amico and Amico,* 23 Or App 71, 540 P2d 1017 (1975); *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1973); *Hockema v. Hockema,* 18 Or App 273, 524 P2d 1238 (1974); *Dresie and*

Relying on that rule husband argues that the introduction and consideration of *any* evidence relating to "circumstances" predating or in existence at the time of the prior order is impermissible and necessarily erroneous. In effect husband contends that in attempting to decide whether any increase was warranted in this case the court should have limited its inquiry to *only* the increases in costs and income which had occurred since 1972. Absent a finding that those increases, in and of themselves, constituted a "material change of circumstances," he argues, no modification could be allowed.

The "change of circumstances" rule does serve to bar the relitigation of all issues previously determined. Thus, once it has been decided that a given set of circumstances either does or does not require the modification of the support or custody provisions of a dissolution decree, no subsequent motion based exclusively on those same "circumstances" may be entertained. The allegation and proof of some additional change occurring since the entry of the prior order is prerequisite to any later modification. Once that additional change has been established, however, its significance need not be determined in a vacuum. Evidence of "preexisting" circumstances may, where relevant, be introduced to provide a context within which the subsequent "change of circumstances" can be effectively evaluated. The significance of the change occurring since the last order may, in fact, only become apparent when considered together with circumstances predating that order. The admissibility of specific items of evidence is to be determined not by whether that evidence relates to circumstances predat-

*Dresie,* 16 Or App 687, 519 P2d 1294, Sup Ct *review denied* (1974); *Bridges v. Bridges,* 15 Or App 275, 515 P2d 427 (1973); *Osterholme v. Osterholme,* 13 Or App 73, 508 P2d 824 (1973); *Verburg v. Verburg,* 8 Or App 524, 495 P2d 35 (1972); *Howser v. Howser,* 2 Or App 474, 469 P2d 790 (1970).

ing an earlier order but by its relevancy to the issues raised in the subsequent proceeding.[3]

■　Thus, while wife in this case was obligated to allege and prove some change of circumstances which had occurred since the 1972 order denying her request for modification, once that additional change had been established she was not foreclosed from also introducing evidence of related changes that had occurred between 1970 and 1972 and from arguing that the cumulative impact of the total change in circumstances up to the time of the hearing in 1974 justified some increase in husband's support payments.

■■　On her own behalf wife contends generally that the evidence warrants an increase in support greater than that awarded and specifically argues that the circuit court erred in refusing to permit the amendment of the motion for modification to include a request for an award of $400 per month as "reimbursement to [wife] for time required of her for the care of the children of the parties * * *." Like the trial court we regard this proposed amendment as a belated attempt on the part of wife to secure an award of spouse support. Where the dissolution decree itself makes no provision for the maintenance of a spouse, it is beyond the power of the court to make such an award at any time thereafter. *Johnson v. Johnson,* 245 Or 10, 419 P2d 28 (1966); *Peake v. Peake,* 242 Or 386, 408 P2d 206 (1965). The amendment proposed was properly denied.

■　Having reviewed the record in its entirety, considered all the circumstances of the parties and taken into account the needs of the children and the "social standing, comforts and luxuries of life * * *"[4] which they would have enjoyed but for the dissolution of

[3] Where evidence relating to events or conduct predating a prior order is essentially irrelevant to the subsequent change in circumstances upon which a motion is based, and is introduced in an attempt to reopen a previously resolved dispute, its admission and consideration would be erroneous. *See Greisamer and Greisamer,* 24 Or App 819, 547 P2d 155, Sup Ct *review allowed* (1976).

[4] *Hendrix v. Hendrix,* 246 Or 51, 52, 423 P2d 774 (1967).

their parents' marriage, we have concluded that the increased support of $100 per month per child ordered by the court was both appropriate and adequate. *See Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953); *Armstrong v. Armstrong,* 18 Or App 587, 526 P2d 449 (1974); *Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974).

Some three months after wife had filed her notice of appeal from the court's order modifying the child support provision of the dissolution decree she submitted to that same court motions to set aside the property settlement agreement which had been incorporated into that decree and to vacate the same insofar as it provided for the distribution of property between the parties. These motions were based on charges of fraud and misrepresentation, wife charging that at the time she had entered into the agreement and consented to its incorporation into the decree husband had both fraudulently concealed assets and intentionally misrepresented the value of his interest in a family-owned business.

Framing its order in somewhat ambiguous terms[5] the court subsequently sustained husband's "demurrer" to these motions, apparently concluding (1) that it could not entertain any motion to vacate after a lapse of one year from the entry of the decree, (2) that wife's remarriage prior to the filing of the motions deprived her of the standing to make such a request,[6] and (3) that a challenge to a decree and property settlement

[5]The order provided in relevant part that husband's demurrer would be sustained

"* * * upon the grounds that [wife] is estopped by her subsequent marriage and her conduct to challenge the Property Settlement Agreement in the divorce proceeding, the Decree of Divorce is monolithic, the court has lost jurisdiction to set aside its own Decree by the passage of more than one year of time and [wife's] motions constitute an assault upon a Property Settlement Agreement and a confirming Decree which is indivisible and, therefore, not subject to being set aside in the domestic relations proceeding, and an attack on a decree for fraud is by separate proceeding in the general trial department * * *."

[6]Wife remarried on August 27, 1973, and was served with a petition for the dissolution of that marriage in April of 1974.

[ 343 ]

agreement based upon a charge of fraud would have to be filed as a separate suit in equity. Based upon this order the court then proceeded to issue a second order "dismissing and denying" the motions "for lack of further jurisdiction of [the circuit court] on this issue in this cause * * *."

Wife appeals from the order dismissing her motions, contending that the court erred in sustaining husband's demurrer. We agree. In concluding that the motions were barred by a one-year limitation period the court evidently felt that its authority was limited by the terms of ORS 18.160 which provides in relevant part that a court may

> "* * * in its discretion * * * at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding *taken against him through his mistake, inadvertence, surprise or excusable neglect.*" (Emphasis supplied.)

In addition to the power conferred upon the court by that statute, however, it is well established that circuit courts *also* have the inherent power to correct or set aside previous judgments, which power is only limited by the requirement that such action be taken within a "reasonable time."[7] While it is equally well settled that what constitutes a "reasonable time" for this purpose is ordinarily a matter within the discretion of the court faced with the motion to vacate, the record before us suggests that in the mistaken belief that the one-year period included in ORS 18.160 represented an absolute bar to the consideration of these motions the court below failed to exercise that discretion. Similarly, while the court was correct in holding that wife *might* have sought relief by initiating an original suit based upon fraud,[8] it erred in concluding that the availability of that potential remedy precluded her from alternatively choosing to file a motion to vacate or modify. Although the Supreme Court did indicate in *Miller v.*

---

[7] *Morphet v. Morphet,* 263 Or 311, 502 P2d 255 (1972).

[8] *Brandt v. Brandt,* 9 Or App 1, 495 P2d 1205 (1972).

*Miller,* 228 Or 301, 365 P2d 86 (1961), that "[t]he appropriate procedure for attacking a [dissolution] decree obtained by fraud is a suit in equity" (228 Or at 307),[9] citing ORS 16.460(1), that statute does not indicate that a separate suit is an exclusive remedy. In light of the fact that ORS 107.405—enacted in 1971[10]—now provides that courts sitting in dissolution cases have "full equity powers," there is a real question about the present viability of the "rule" set out in *Miller v. Miller, supra.* We see no apparent purpose in characterizing a separate suit as the only available means of attacking a decree obtained by fraud. Finally, we have neither been referred to nor discovered authority in support of the proposition that, by remarrying, wife forfeited her right to seek review of an allegedly fraudulently procured property settlement. Husband's demurrer was, therefore, erroneously sustained. The order dismissing wife's motions should not have been granted.

Having said all of this, it should also be noted that in our view the circuit court could have properly chosen to stay the proceedings on wife's motions to vacate and set aside the property settlement pending the resolution of the mutual appeals previously taken from its support order. Assuming that wife could have prevailed on her charge of fraud and misrepresentation, the formulation of a new and equitable division of property which would necessarily have followed would have required the court to consider, among other things, the amount of child support husband would be required to pay, a question which would remain uncertain until review of the prior order had been completed.

Affirmed in part; reversed in part. Costs to neither party.

**FORT, J.,** dissenting.

I dissent from that portion of the court's opinion

---

[9] *See also Cutts v. Cutts,* 229 Or 33, 40, 366 P2d 179 (1961).

[10] Oregon Laws 1971, ch 280, § 1.

which holds that a motion in the divorce suit to set aside a divorce decree entered in August 1970 on the ground of fraud in obtaining the property settlement agreement entered into in July 1970 and incorporated in the decree is proper.

In *Miller v. Miller,* 228 Or 301, 365 P2d 86 (1961), the court said:

"* * * The appropriate procedure for attacking a decree obtained by fraud is a suit in equity. ORS 16.460(1)[1]

"The order of the court vacating the decree in the case at bar must be reversed and the decree reinstated without prejudice to the right of the defendant to proceed under ORS 16.460." 228 Or at 307.

The majority construes both that language and ORS 16.460(1) as not barring the present motion. Here this motion was not filed in the original divorce proceeding but only as a further motion in a motion for change of child support filed some four years after the decree. It is conceded that this motion was not filed within the one-year period authorized under ORS 18.160. In *Miller* the divorce decree was granted April 8, 1960. On May 5, 1960, the motion to set aside the decree on grounds of fraud was filed by the husband some 27 days after the decree was filed. The Supreme Court held it was error for the trial court to have entertained the motion, and, in my opinion, its decision can only be construed as holding that an attack on a decree of divorce based on fraud cannot be entertained except under ORS 16.460(1). *See also: Waldow v. Waldow,* 189 Or 600, 221 P2d 576 (1950).

Furthermore, in my opinion there is solid reason for such a rule. It must be remembered that the purpose of a divorce or dissolution proceeding is to terminate the marriage relation. All other matters in the old divorce

---

[1] ORS 16.460(1):

"Bills of revivor and bills of review, of whatever nature, exceptions for insufficiency, impertinence or irrelevancy, and cross-bills are abolished; but a decree in equity may be impeached and set aside, suspended, avoided or carried into execution by an original suit."

and current dissolution law are of necessity ancillary to and dependent upon that termination. If the court can set aside the property settlement agreement under the circumstances here present, why cannot it entertain an attack based on fraud not only against any other provision of the divorce but against the dissolution decree itself?

Here the wife has an adequate remedy available to her under ORS 16.460(1). *Miller v. Miller, supra; Brandt v. Brandt,* 9 Or App 1, 495 P2d 1205 (1972).

I agree with the majority's conclusion to increase the child support $100 per month per child, but for the foregoing reasons I respectfully dissent otherwise from the court's holding.