Argued September 22, reversed November 1, reconsideration denied
December 1, 1976, petition for review denied January 11, 1977

In the Matter of the Dissolution of the Marriage of
NELSON, *Appellant,*
*and*
NELSON, *Respondent.*
(No. 84937, CA 6396)

555 P2d 806

R. *Michael Healey,* Stayton, argued the cause for appellant. With him on the brief was Bell, Bell & Rounsefell, Stayton.

*Myron L. Enfield,* Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This is an appeal from an order modifying a dissolution-of-marriage decree to require appellant-wife to pay child support to respondent-husband who has custody of the only child of the marriage.

On October 31, 1974, the circuit court entered a decree dissolving the marriage of the parties, awarding custody of the child to appellant, and requiring respondent to pay $75 per month for the support of the child. On January 6, 1975, on the motion of respondent and pursuant to a stipulation of the parties, the circuit court modified the dissolution decree to vest custody of the child with respondent, and eliminated the requirement that respondent pay $75 per month in child support. No provision was made at that time for any child support to be paid by appellant to respondent. On December 26, 1975, respondent again sought modification of the dissolution decree, this time seeking child support of $50 per month from appellant. The affidavit in support of the motion for modification did not allege that there had been a change of circumstances as to either party since the January 6, 1975, award of custody and the evidence at the hearing disclosed none. *See Nelson v. Nelson,* 225 Or 257, 357 P2d 536, 89 ALR2d 1 (1960).[1] On April 30, 1976, the circuit court granted respondent's motion for modification and required appellant to pay child support.

We begin with the proposition that a circuit court has the power, after the entry of a decree of dissolution, to "[s]et aside, alter or modify so much of the decree as may provide for the * * * support and welfare of the minor children * * *." ORS 107.135(1)(a). It has long been established that a

[1] *See also Wilmot v. Wilmot,* 249 Or 215, 437 P2d 756 (1968); *Hendrix v. Hendrix,* 246 Or 51, 423 P2d 774 (1967); *Scarth v. Scarth,* 211 Or 121, 315 P2d 141 (1957); *Tice v. Tice,* 207 Or 247, 295 P2d 866 (1956); *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953); *Udy v. Udy,* 195 Or 156, 244 P2d 615 (1952); *Strickland v. Strickland,* 183 Or 297, 192 P2d 986 (1948); *Norris v. Norris,* 182 Or 101, 186 P2d 67 (1947); *Harder v. Harder,* 26 Or App 337, 552 P2d 852 (1976); *Frothingham and Frothingham,* 22 Or App 39, 537 P2d 1174 (1975); *Howser v. Howser,* 2 Or App 474, 469 P2d 790 (1970).

prerequisite to the exercise of such power is proof of a change in circumstances since the date of the preceding decree which would warrant the modification.[2] It is further established that:

"A party who requests a modification of a provision of a divorce decree relating to support * * * must allege * * * a change in the circumstances of one or the other of the parties sufficient to justify the modification requested. Such allegations are necessary to apprise the other party of the grounds upon which the applicant intends to rely for a modification so that a defense may be prepared * * *." *Watson v. Watson,* 251 Or 65, 67, 444 P2d 476 (1968), quoted in *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 438-39, 515 P2d 1353 (1973), and *Howser v. Howser,* 2 Or App 474, 476, 469 P2d 790 (1970).

As noted above, respondent's affidavit in support of his motion seeking child support alleged no change in circumstances since the January 6, 1975, modification of the decree. Further, the evidence adduced at the hearing below makes it certain that there has indeed been no such change of circumstances.

■ Respondent maintains that the change-of-circumstances rule is or should be inapplicable where the decree is silent as to child support. The general rule is in accord with *D'Ambrosio v. D'Ambrosio, supra,* wherein we held that the change-of-circumstances rule should be applied in such cases.[3]

---

[2] E.g., *Wilmot v. Wilmot; Hendrix v. Hendrix; Scarth v. Scarth,* all *supra.*

[3] *See Reid v. Reid,* 74 Iowa 681, 39 NW 102 (1888); *Stoner v. Weiss,* 96 Okla 285, 222 P 547 (1924); *Sandall v. Sandall,* 57 Utah 150, 193 P 1093, 15 ALR 620 (1920); 27B CJS 695, Divorce § 322(2) (1959). *See also Elkins v. Elkins,* 299 F 690 (DC Cir 1924). *But see Williams v. Williams,* 498 SW2d 585 (Mo App 1973), *rev'd on other grounds* 510 SW2d 452 (Mo Sup Ct 1974).

Respondent argues that *D'Ambrosio* is inconsistent with several prior Oregon decisions. We do not so read those decisions. In *Wiles v. Wiles,* 211 Or 163, 315 P2d 131 (1957), *Mack v. Mack,* 91 Or 514, 179 P 557 (1919), and *Gibbons v. Gibbons,* 75 Or 500, 147 P 530 (1915), the original decrees *could not* provide for child support as personal service on the defendants was not accomplished. Since in each case the petition for modification was the first opportunity the court could consider the issue of support, the change-of-circumstances rule had no applicability. In *Jackman v. Short,* 165 Or 626,

The reasons for the *D'Ambrosio* rule are twofold. First, it is important that dissolution proceedings not be subject to piecemeal litigation. If the issue of child support can be fairly raised at the time of the preceding modification order or original decree, then the party to whom the support would be paid has an obligation to raise the matter at that time, not only to insure that the child is adequately provided for but also to fully apprise the court of all the issues presented by the case. Second, the absence of the *D'Ambrosio* rule would leave the door open to conduct which must not be encouraged—where a party seeking custody would deliberately withhold a request for support in the hope that the custody request would not be challenged.

■ Paramount to all these considerations, of course, is the welfare of the child, If it were apparent that the child's welfare would suffer absent modification of the original decree, we have no doubt that the change-of-circumstances rule is flexible enough to permit modification. *See Harder v. Harder,* 26 Or App 337, 552 P2d 852 (1976); *Amico and Amico,* 23 Or App 71, 540 P2d 1017 (1975). However, there is no evidence that such is the case here.

■ Accordingly, in the absence of any allegation or showing of a change in circumstances, the circuit court has no authority to modify the decree to require appellant to pay child support to respondent.

Reversed.

---

109 P2d 860, 133 ALR 887 (1941), a change of circumstances had occurred in that property placed by the mother in the hands of the father for the provision of child support had become worthless subsequent to the decree. And in *Hess v. Hess,* 115 Or 595, 239 P 124 (1925), the court's initial decree specifically provided that it would later consider the issue of child support if the level of that support could not be agreed upon by the parties.