PELLETIER, *Respondent,*
*v.*
PELLETIER, *Appellant.*
(No. 61-106 E, CA 6828)

565 P2d 388

Alan M. Lee, Klamath Falls, argued the cause for appellant. On the brief was Smith & Lee, Klamath Falls.

Blair M. Henderson, Klamath Falls, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

LEE, J.

Johnson, J., specially concurring opinion.

**LEE, J.**

Husband seeks reversal of an order modifying the decree which dissolved his marriage by increasing his child support obligation from $50 to $80 per month, and rescinding an instrument signed by his ex-wife on July 19, 1973 which purported to release him from responsibility for the outstanding child support payments accrued to that date.

Entered on June 20, 1961, the decree of divorce awarded the wife the small amount of property accumulated by the parties, granted her custody of the couple's three minor children, and ordered husband to make monthly child support payments of $50 per child. From the outset husband has been less than conscientious about meeting his responsibilities under the decree; he was, in fact, found to be in contempt of court in November of 1965 when the accrued support owed by him totaled approximately $5,500, and by July of 1973 the total in arrears had risen to over $17,000. On July 19, 1973, however, wife filed with the clerk of Klamath County a standard form releasing husband from any responsibility for the entire amount past due. Although his total monthly support obligation was, subsequent to July 1973, reduced to $50 as a result of wife's release and the emancipation of two of the children involved, husband had made no payments whatsoever between that date and the commencement on April 26, 1976 of the hearing on wife's motion to increase husband's support obligation and to rescind the 1973 release.

In support of her motion for modification wife testified in effect that the cost of raising the single remaining minor child had generally increased over the 15-year period from the date of the divorce and that, as a consequence, a need had arisen for an

increased child support contribution by husband.[1] The weight of the evidence suggests, however, that despite the fact that he is now obligated to help support but one child, husband's current medical problems and consequent inability to remain steadily employed have diminished his ability to make even the existing support payments of $50 per month. Under these circumstances an increase in the award of child support is not warranted. *Cf., State ex rel Turnbull v. Klum,* 13 Or App 399, 510 P2d 576 (1973). *See,* Annotation, 89 ALR2d 7, 38 (1963).

Wife's motion to rescind the release signed by her on July 19, 1973 was based upon the allegation that it had been "obtained by fraud";[2] testifying before the court below wife alleged more specifically that she had signed the release in reliance upon husband's promise that he would, in exchange, pay her own outstanding indebtedness of some $2,000 and buy her an automobile, and that he had never fulfilled or attempted to fulfill that promise. For his own part husband claimed that he had never made any such promise, that he had never participated in any discussion of a release, and that at the time the promise had allegedly been made he had not in fact been in any position to perform any such promise.

On appeal husband contends that the court erred in setting aside the release, arguing that the record does

---

[1] In order to prevail one seeking to modify the child support provisions of a dissolution decree must demonstrate that there has been an unforeseen and material change of circumstances affecting the noncustodial parent's ability to pay and/or the needs of the child or children involved subsequent to the initial entry or last modification of that decree. *See Garrison and Garrison,* 28 Or App 297, 559 P2d 513 (1977); *Cronin v. Cronin,* 27 Or App 243, 555 P2d 790 (1976), Sup Ct *review denied* (1977); *Harder v. Harder,* 26 Or App 337, 552 P2d 852 (1976); *Grossi and Grossi,* 25 Or App 427, 549 P2d 676 (1976); *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974); *Betts v. Betts,* 18 Or App 35, 523 P2d 1055 (1974).

[2] Husband does not argue that the use of a motion to modify as a means of seeking the rescission of a satisfaction is improper or inappropriate, i.e., that wife should have been required to initiate an entirely separate suit in equity. *Cf. Harder v. Harder,* 26 Or App 337, 344-45, 552 P2d 852 (1976). *See generally* 47 Am Jur 2d Judgments, § 1033 (1969).

not include evidence sufficient to establish fraud. Faced with the conflicting testimony of husband and wife as to whether the disputed release was executed in reliance upon a promise made by husband, the court below apparently found wife to be the more credible witness. Fraud cannot, however, be predicated solely upon the failure to perform a promise to do something in the future. In order to establish fraud the party aggrieved by the failure to perform has the burden of establishing by clear and convincing evidence that at the time of the making of the promise there was no present intention of performance or, alternatively, that the promise was made with reckless disregard as to whether the promisor could or could not perform. The requisite fraudulent "intent" or "reckless disregard" may not be inferred from the mere fact of nonperformance; other circumstances of a substantial character must be shown in addition to nonperformance before such an inference may be drawn. *Sproul v. Fossi,* 274 Or 749, 548 P2d 970 (1976); *Webb v. Clark,* 274 Or 387, 546 P2d 1078 (1976); *Elizaga v. Kaiser Found. Hospitals,* 259 Or 542, 487 P2d 870 (1971); *Conzelmann v. N.W.P.&D. Prod. Co.,* 190 Or 332, 225 P2d 757 (1950). The only evidence conceivably giving rise to an inference that the promise was made either with the intent of not performing or with "reckless disregard" as to whether it could be performed was husband's own testimony to the effect that at the time the promise was allegedly made he was not financially capable of performing. Taken alone that testimony is not sufficient to satisfy wife's burden of establishing the requisite mental element by "clear and convincing" evidence. In the absence of such evidence the court below erred in rescinding the release.

Reversed. Costs to neither party.

**JOHNSON, J.,** specially concurring.

I concur for the reasons stated in my specially concurring opinion in *Miller v. Miller,* 29 Or App 723, 565 P2d 382 (1977).