LEE, J.
This is an appeal from an order modifying appellant-father’s monthly child and spousal support obligations under a dissolution decree entered in April of 1975. Pursuant to the original decree, appellant was required to make payments of $100 per month in child support for each of two children and $125 per month as permanent spousal support. In October of 1976, respondent filed her motion for modification alleging that the support provided for by the decree had become inadequate due to an increase in the cost of living, and requesting that appellant’s total monthly obligation be raised from $325 to $450. For his own part, appellant submitted to the court at the same time a motion requesting that the decree be modified by the elimination of the provision requiring him to make monthly contributions toward the support of his daughter who had, since the entry of the decree, attained the age of majority, completed a course of vocational training, and become gainfully employed.[1] In addition to granting appellant’s motion, the court thereafter entered a modification order increasing both his monthly obligation to the remaining minor child and his monthly spousal support obligation to $150, producing a total monthly support payment of $300.[2]
 On appeal, appellant argues that because respondent failed to demonstrate any material and unforeseen changes in the circumstances of either of the parties following the entry of the original decree, the court below erred in granting any increase whatsoever in *[44] either spousal or child support. Proof of some material change in circumstances of a nature or degree beyond those which might have been reasonably contemplated by the decree is in fact an essential prerequisite to any subsequent modification. Hillyer and Hillyer, 28 Or App 867, 562 P2d 205 (1977); Amico and Amico, 23 Or App 71, 540 P2d 1017 (1975); Delf and Delf, 19 Or App 439, 528 P2d 96 (1974). In support of her motion, respondent introduced evidence of an increase in her monthly costs of living, the deterioration of her own health and the health of her minor child, and an increase of some 32 percent — from approximately $850 to $1,125 — in appellant’s monthly salary, which she alleged had occurred since the date of the dissolution.[3] Taken as a whole the evidence produced was, however, inadequate to establish either a material increase in costs or a deterioration in health which was unforeseen at the time of the entry of the decree only 18 months before;[4] the increase in appellant’s income over that intervening period was, however, sufficiently great to amount to both a material and an unforeseeable change in circumstances.
While such a change alone may be relied upon as a basis for increasing a party’s child support obligation — the child having an interest in the increased resources as a result of the party’s continuing statuto *[45] ry duty as a parent[5] — the well established rule is that an increase in income alone does not constitute a change in circumstances warranting an award of greater spousal support — a rule reflecting the view that spousal support is designed to aid an ex-spouse in maintaining a standard of living roughly commensurate with that existing at the time of the dissolution.[6]
Thus, while we are satisfied that as a result of his increased income appellant’s ability to contribute to the reasonable needs of his minor child has been sufficiently enhanced to warrant the increase in child support ordered by the court, no material unforeseen change other than the increase in income having been established, the court’s award of an increase in spousal support was inappropriate.
Reversed and remanded for entry of an order modifying the decree consistently with this opinion. Costs to neither party.

It is questionable whether the order requested was necessary; when appellant’s daughter became 18 and left school, his obligation under the decree automatically ceased. See, Cupp and Cupp, 28 Or App 593, 560 P2d 291 (1977).

The order also provided that an outstanding arrearage in support owed by appellant would be reduced by an amount equal to the payments made by him for the support of his daughter subsequent to the time she had completed her course of vocational training, and that any remaining arrearage would be satisfied by the payment to respondent of an additional $50 per month beginning on June 1,1977. These particular provisions of the modification order have not been challenged here by either party.

 Although the affidavit which accompanied respondent’s motion for modification included no reference whatsoever to either a worsened medical condition or an increase in wages as relevant "changed circumstances,”'at the time of the hearing below appellant did not in fact object to the admission of evidence relating to those alleged changes. Neither has appellant argued here that he was unprepared to respond to that evidence at the time it was introduced. Consequently, the failure of respondent to incorporate any allegations of changes in health and income into her motion for modification does not render incompetent the evidence subsequently introduced. See, Watson v. Watson, 251 Or 65, 444 P2d 476 (1968).

Affidavits submitted by respondent at the time the petition for dissolution was filed and again when her motion for modification was presented to the court include monthly budgets indicating essentially no change in monthly costs during the 18-month interval; both respondent and the minor child suffer from permanent and progressively deteriorating conditions which were manifest at the time of the dissolution.

 Grossi and Grossi, 25 Or App 427, 549 P2d 676 (1976); Scheer and Scheer, 25 Or App 127, 548 P2d 179 (1976); Betts v. Betts, 18 Or App 35, 523 P2d 1055 (1974).

 See, Hillyer and Hillyer, 28 Or App 867, 562 P2d 205 (1977); McReynolds v. McReynolds, 24 Or App 891, 547 P2d 664 (1976); Wells v. Wells, 15 Or App 507, 516 P2d 480 (1973).