# In the Matter of the Dissolution of the Marriage of
## ISAACS, *Respondent,*
### *and*
## ISAACS, *Appellant.*
### (No. 73-1351, CA 7360)
564 P2d 736

Michael P. Kearney, Cottage Grove, argued the cause for appellant. With him on the brief was Maynard Wilson, Cottage Grove.

Peter C. Kelsay, Cottage Grove, argued the cause for respondent. With him on the brief was Ackley & Kelsay, Cottage Grove.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The issue in this appeal is whether a mother should be required to pay child support to the father who has custody of the two children of the parties. The father sought, by an order to show cause, to have the mother pay child support. He appeals from the order of the court denying the support.

The marriage of the parties was terminated by a decree of dissolution in 1973, which awarded custody of the two minor children to the father. There was no provision for child support in the decree. At the present time the children are age four and six. At the time of the decree the mother was unemployed. Since that time she received training and qualified as a dispensing optician and is presently earning a gross salary of $850 per month in that position. Her net take home pay is $581 per month. She lists debts totalling $1,780 which includes an amount of $1,150 owed for the purchase of a car and $275 in medical expenses.

The father is in the Air Force stationed at Wichita, Kansas. His net pay, including housing and subsistence allowance, is $756 per month.

In this same proceeding the mother, who lives in Grants Pass, Oregon, was granted the right to have the children for 30 days' visitation during the summer. The court required her to pay the cost of transportation for the visitation, which is estimated at approximately $600. In declining to award child support the court commented it would only be considering a token amount and the payment of transportation costs would be in lieu of support.

In Oregon the sex of the noncustodial parent is immaterial in determining duty to contribute child support. ORS 107.105(1); *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1973). In *D'Ambrosio* the issue was whether the mother should be required to pay child support. We denied the father's request for child support because his motion was not timely.

However, the opinion contains the following comment:

"* * * We doubt that any court would not require a father earning $600 per month [gross] to pay some child support just because he was paying off debts totaling no more than $1,200." 15 Or App at 438.

That comment is apropos to this case. We are cognizant that amortizing the transportation costs will constitute an obligation on the part of the mother of $50 per month. This will inure to the benefit of the children by allowing them to visit their mother, however, it does little to provide for the day to day needs of the children. Under the circumstances of this case it is reasonable to require the mother to pay child support in the amount of $50 per month per child. The decree is modified consistent with this opinion.

Reversed and remanded with instructions. No costs to either party.