Argued and submitted November 28, 1979,
affirmed as modified January 21, 1980

In the Matter of the Marriage of
HILGER,
*Respondent,*
*and*
HILGER,
*Appellant.*

(No. 77-4577, CA 14996)

605 P2d 308

James Hendershott, Eugene, argued the cause for appellant. On the brief were James R. Strickland and Curtis, Hendershott and Strickland, Eugene.

John I. Mehringer, Eugene, argued the cause for respondent. With him on the brief was Schmerer & Mehringer, Eugene.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

## TANZER, P. J.

This is an appeal from an order modifying the decree of dissolution by requiring the noncustodial mother to pay $25 per month for the support of the minor child. The father appeals, contending that the amount is too low. We agree.

When the parties' marriage was dissolved, the father was given custody of their minor child. The mother was not required to contribute to the support of that child because she was then unemployed and on public assistance. The mother is now employed with a net income of about $875 per month. The father has a net income of approximately $1,200 per month.

The change in the mother's situation from dependence upon public assistance to gainful employment is a substantial change of circumstances enabling and obligating her to contribute substantially to the child's support, *Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953), *cf. D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1973), according to her ability to pay, *Hockema v. Hockema,* 18 Or App 273, 524 P2d 1238 (1974). That change in circumstances is not fully reflected in the order on appeal. The father earns more than the mother, but both parents share a continuing responsibility towards the child that cannot be fulfilled by a merely symbolic contribution. Although the parents may never equally assume the costs of child rearing, given the disparity in their incomes, the mother's ability to pay has now risen to a point where she can make a significant contribution. We therefore modify the trial court's order by raising the child support payments to $100 per month.

Affirmed as modified. No costs to either party.