Argued and submitted May 22, reversed and remanded with instructions August 10, 1981

## In the Matter of the Marriage of

### BOPP,
*Appellant,*
*and*
### BOPP,
*Respondent.*

(No. 77-2519-E-2, CA 19543)

632 P2d 477

Dennis H. Black, Medford, argued the cause for appellant. With him on the brief was Cushing, Haberlach, Hanson & Black, Medford.

Douglass H. Schmor, Medford, argued the cause for respondent. With him on the brief was Brophy, Wilson & Duhaime, Medford.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

**THORNTON, J.**

Father appeals from an order denying his motion to require the noncustodial mother to pay child support for the two minor children of the parties, Kenneth, born October 14, 1968, and Darrell, born May 1, 1972. In denying the order, the trial court nevertheless required mother, an income tax auditor with the state, to pay one half the medical and dental bills not reimbursed by mother's state paid health insurance.

On appeal, father argues that the evidence showed a material change of circumstances, namely, that mother has completed her education and is now earning a substantial salary as an income tax auditor and is well able to pay child support.

The parties apparently separated in March, 1977. Dissolution proceedings were filed by father in October, 1977. Father was awarded custody of the children in November, 1978, following the trial of the dissolution proceeding. At the time of that hearing, mother was a student at Southern Oregon State College. She was meeting her financial needs during the period of her schooling through $1,800 in lump sum spousal support (which the court ordered father to pay) student loans and the proceeds of the property settlement in the dissolution.

Father was, on November 6, 1978, earning a salary of $17,200. At the time of the hearing involved in this appeal father was a general manager and part owner of a tire and oil business. His salary was nominally listed at $2,000 a month, although he testified that he had not yet received any salary from the business. He estimated that he expected that his monthly take home pay from the new business would be $1,450, and that his current expenses were $1,130.55. Father claimed that he had incurred an additional $246.64 in expenses during the past month for the children only. He testified that he did not expect to receive any income other than his salary from the business for the next four to five years. Father had remarried and was living in the same home he and the children had resided in at the time of the dissolution and was driving the same car he owned in 1978.

Mother's present take home pay is $782.44. She estimated her expenses as $809.02 per month, including rent $227.50, car payments $139.45, National Direct Student Loan $30, Guaranteed Student Loan $52.25, and personal note $52. In addition to the usual expenses, her income and expense statement included $60 a month in order for her to make monthly trips to bring her children from Medford to Salem and return (two round trips) in order to pick up and return her children. This was necessitated because father refused consent to allow the children to ride on the public bus. At the time of the hearing, mother had not remarried. She lived in a two-bedroom apartment in Salem and had recently purchased a new station wagon. Mother had provided, at no cost to herself, medical and dental coverage for the two children through her employment. She had not paid any child support since the decree of dissolution and took the position that with her expenses and financial obligations she could not afford to pay any child support. She received state fringe benefits, including the medical insurance mentioned above, and a retirement contribution from her employer of $68 per month. In addition, she testified that she would receive a $171 a month raise in April, 1981, with a take-home increase of $139 per month. In addition, she testified that a large portion of the $182.51 deduction that was taken out of her check each month for federal income taxes was going to be refunded to her at the end of the year because of her ability to income average on her tax returns.

Mother argues that father's financial position has greatly improved since the dissolution; that father is entitled to receive one third of the profits of his firm's business, which totalled $111,000 last year; that father and his present wife had a combined net worth of $105,911 in August, 1980; and that last year father's family had a disposable income of approximately $38,000 after payment of expenses, including the needs of the two children.

Both children are faced with the prospect of needing substantial orthodontic work. It was estimated that the cost of this work for just the oldest child would be in the vicinity of $2,000.

Contrary to the trial court, our study of this record persuades us that there has been a change of circumstances. *Hilger and Hilger,* 44 Or App 109, 605 P2d 308 (1980); *Westby and Westby,* 30 Or App 431, 567 P2d 145 (1977); *Isaacs and Isaacs,* 29 Or App 545, 564 P2d 736 (1977). Whether mother should now be required to begin paying child support for the two minor children, however, will depend upon the application of the support formula announced in *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). This necessitates our remanding these proceedings to the trial court to apply that formula.

Reversed and remanded with instructions. No costs to either party.