Argued February 3; affirmed February 21, 1933

## HILL *v*. WOOD ET AL.
(19 P. (2d) 89)

*L. A. Liljeqvist,* of Marshfield (Bennett Swanton, of Marshfield, on the brief), for appellant.

*John D. Goss,* of Marshfield (Goss, Murphy & Skipworth, of Marshfield, on the brief), for respondent.

BAILEY, J. In the summer of 1925, plaintiff, John R. Hill, entered into a contract with Dudley Gately whereby Gately was, for an agreed consideration, to perform certain work, principally excavating, on a portion of what was then known as the Roosevelt Coast highway.

The contract provided, among other things, as follows:

"It is further agreed that the party of the first part (Hill) shall pay to the party of the second part (Gately) the sum of money earned under the unit prices herein agreed upon, according to the monthly estimate of the state highway engineer. The said payments shall not include that portion retained by the state, until such time as the final estimate is in and the work is accepted. The monthly estimates are to be paid as soon as received by the party of the first part.

"It is further agreed that the party of the second part shall keep a clear and complete record of all ex-

penses incurred in the performance of this contract, and of all indebtedness arising from these expenses * * *.

"It is further agreed that the final payment by the party of the first part to the party of the second part shall not be made until provision shall be made, to the satisfaction of the party of the first part, for all expenses and indebtedness incurred by the party of the second part, which can be made the basis of a lien against the work, or of a claim filed against the work".

The state highway commission was to retain, until the work was accepted, 15 per cent of the amount due according to monthly estimates.

During the month of November, 1925, the plaintiff visited in the East his father, who was seriously ill. Before Hill left for the East, Gately made an assignment to the defendant Brookings State Bank, reading as follows:

"Brookings, Oregon,

"November 13th, 1925.

"For value received, me (to) me paid by the Brookings State Bank, I hereby sell, assign and transfer my claim against John R. Hill for work done on the Roosevelt highway, for which the said John R. Hill has the contract, which said payments are estimated October 20th, November 20th and December 20th of 1925, and January 20th, 1926, to Brookings State Bank, and authorize and empower said Brookings State Bank, to act as agent for me, and in my name, place and stead, to verify said claim, and to sign an (and) receipt for said check from John R. Hill, which may hereafter be drawn.

"DUDLEY GATELY.

"Assignment accepted.
"JOHN R. HILL".

In order to enable the bank to receive the money coming to it under the above assignment, the plaintiff arranged with the defendant George G. Wood, cashier of the defendant bank, that Wood should, during the time Hill was away, check over the monthly estimates, ascertain the amounts due thereunder to Gately and furnish that information to plaintiff's daughter, who was given authority, and had been instructed, to draw checks on plaintiff's bank account in favor of the bank for the amounts represented by Wood as due Gately.

During plaintiff's absence, Wood prepared two checks in favor of the defendant bank, one for $1,600, dated December 15, 1925, and the other for $1,050, dated January 21, 1926, and procured plaintiff's daughter to sign them on the representation that the checks had been made out for the amounts due Gately on the estimates for the months ending November 20, 1925, and December 20, 1925, respectively.

After plaintiff's return from the East he ascertained that the amounts due Gately on the monthly estimates of November and December were $794.41 and $751.47, respectively, instead of $1,600 and $1,050, respectively, paid to the bank by the checks above mentioned. Plaintiff thereupon demanded of the defendants repayment of the excess amount of each check. When that was refused, this action was brought to recover the over-payment, together with interest at the rate of 6 per cent per annum from the respective dates the excess payments were made to the bank.

Plaintiff, in his amended complaint, definitely and clearly sets forth the ground on which he seeks recovery from the defendants. After alleging the facts leading up to and culminating in the execution and delivery to the bank of the two notes above mentioned, plaintiff states:

"That in truth and in fact, the amount due said Gately on December 15, 1925, was only $794.41 and the amount due him on January 21, 1926, was only $751.47, and the over-payment on the first date was $805.59 and the over-payment on the second date was $298.53, and said over-payments were made through mistake and inadvertence due to carelessness and neglect on the part of defendants in making said computations, and not otherwise, and were received by defendant bank for its use and benefit".

In its answer to the amended complaint the defendant bank as a second and further separate answer alleges that it had been the custom of the bank at the end of each calendar month to return to its customers all of the checks which had been drawn on the bank during the month, together with a statement showing the amount of money deposited, the number and amount of the checks drawn on the bank, and containing a notation that:

"If no error is reported within ten days, the account will be considered correct".

It is further alleged that the plaintiff received these canceled checks and the statement and had not reported any error within ten days thereafter and that the plaintiff was therefore estopped from questioning the correctness of these checks.

In its third and further separate defense the Brookings State Bank alleges that the plaintiff was a contractor having certain highway construction work to perform and had sublet portions of said work to Gately, but that the terms of the contract were not known to the defendant until after January 21, 1926; that the plaintiff represented to defendant Wood in November that there was something like $3,000 due Gately over and above the 15 per cent retained until the completion of the work; and that in computing the

amount which was due Gately the defendant Wood was acting as the agent of the plaintiff and not under or by authority of the bank, or within the scope of his duties as an employee of the defendant bank. This pleading further alleges that the amounts represented by the two checks above mentioned were due and owing Gately by the plaintiff and were properly retained by the bank.

As a further answer and by way of counter-claim the defendant bank seeks to recover from the plaintiff the sum of $2,000, as damages for certain alleged misrepresentations made by the plaintiff to the defendant bank.

The affirmative matter contained in these defenses and the counter-claim was put in issue by appropriate denials.

From the record it does not appear that defendant Wood was served or that he made any appearance, and when reference is made to the defendant, the Brookings State Bank is intended, unless the contrary is shown.

There is substantial evidence to support the allegation above quoted and the other allegations of the amended complaint. Moreover, we do not understand that the bank seriously contends that under the assignment to it from Gately it was entitled to more than $794.41 on the estimate for the month ending November 20, 1925, or in excess of $751.47 for the month ending December 20 of the same year. What the bank does emphatically urge is that the jury should have considered, in arriving at its verdict, the amount of money due Gately from the plaintiff on the work performed by Gately between December 20, 1925, and January 20, 1926, since the assignment from Gately to the bank also covered that period of time.

It is apparent from the record that the various defenses of the bank did not tend to simplify the issues. From its pleadings it would appear that the bank was more concerned in defeating any recovery on behalf of the plaintiff than in ascertaining just how much was due the bank on the assignment from Gately, for nowhere in its answer is there any suggestion that Gately had performed during the month ending January 20, 1926, work for which the bank was entitled to payment. It would seem that if the bank desired to avail itself of the defense that plaintiff was indebted to it on estimates not covered by the two checks referred to, such defense should have been specifically pleaded.

■ It is, however, unnecessary for us to pass on the sufficiency of defendant's pleading in this respect. There was no specific request made by defendant of the trial judge to limit plaintiff's recovery to the amount which the bank now asserts is the limit of recovery under plaintiff's own evidence, and therefore no error relating thereto for us to review. As the case was tried by a jury, we cannot invade that body's province and weigh the evidence.

On this appeal the defendant refers to and discusses briefly, without citation of authorities, eleven assignments of error, exclusive of the contention already considered.

■ Plaintiff, after referring to the payment of certain of Gately's indebtedness incurred in the performance of the work, was asked on cross-examination the following question:

"As a matter of fact, that money that you used to pay Gately's bills was money that had theretofore been assigned by Gately to the bank"?

To which he answered:

"Well, there was no money belonged to Gately, to the bank, until the bills were paid, what was collectible against the job".

Counsel for defendant moved to strike this answer, stating that:

"He admitted it was under contract. He just admitted it a while ago in that deposition. * * * I claim that that contract is a contract in writing because it is assigned by Gately to the bank. It is in writing and I object to it".

The court denied the motion to strike, "on the theory that there is a latent ambiguity in the writing as to what the words 'my claim' might mean". The assignment hereinbefore quoted covered only the claim which Gately had against Hill, and the bank was, by virtue thereof, entitled to no more than Gately would have been, had no assignment been made. The admission of testimony relating to the amount of Gately's claim against Hill was proper, and no error was committed in denying defendant's motion to strike.

■ On cross-examintion Mrs. Hill was asked this question:

"As a matter of fact, including every dollar that you paid out to Gately upon Gately's bills or that the bank received, you made a large profit on his work"?

To this question objection was interposed and sustained. It is now urged that inasmuch as plaintiff was permitted to introduce evidence showing the payment of Gately's bills, the "defendant should have had the right to rebut this prejudicial testimony by showing as a matter of fact that plaintiff Hill made a profit on the Gately work, and neutralize the adverse effect of the incompetent testimony introduced by the plaintiff". We do not consider the testimony of plaintiff

to which defendant refers prejudicial, but whether or not it was prejudicial, the above question was irrelevant and immaterial.

■ The testimony of defendant George G. Wood was taken by deposition. One of the questions asked him was:

"Did the defendant, Brookings State Bank, ever make any agreement that it would figure any amount due Dudley Gately under any contract which Dudley Gately had with the plaintiff, and furnish such information to Florence Hill"?

To which interrogatory Wood replied as follows:

"To my personal knowledge the defendant, Brookings State Bank, never did make an agreement to figure the amounts due Gately under the contract with John R. Hill and to furnish such to Florence Hill".

At the trial, objection was taken to this answer and was sustained, on the ground that it was a mere conclusion of the witness. Wood was cashier and in sole charge of the bank, and the only one connected with the bank to have any dealings with Hill concerning the matter in controversy. The defendant, however, contended that in computing the amounts due Gately, Wood was acting on behalf of Hill and not as agent of the bank, and in support of that theory was permitted to, and did, show what actually transpired between Wood and the plaintiff. It was for the jury to say from all of the evidence in the case, under proper instructions, whether Wood was, during these transactions, acting as agent of the bank or on behalf of Hill, and whether or not there was, on the part of the bank, an agreement to make such computation.

■ The fourth assignment of error discussed in appellant's brief had to do with the refusal of the trial

court to instruct the jury that the plaintiff was "not entitled to recover any sum or sums whatsoever off or from the defendant in the action". In support of this assignment, appellant says:

"At the end of each month a bank statement was furnished containing a statement as shown on page 10 of the abstract of record. No objections were made to the statements and the defendants claimed these statements as final, constituted an account stated between the parties".

The furnishing of these statements to the plaintiff and the failure of the latter to object thereto within ten days after receipt thereof did not constitute an account stated between defendant and plaintiff as to the over-payments by the plaintiff to the bank on Gately's account.

■ The next assignment of error is predicated on the refusal of the court to give two instructions requested by the defendant, dealing with the authority of an agent. On the trial it was contended by plaintiff that the defendant Wood was cashier of the Brookings State Bank and acted on behalf of the bank in making the computations from which the sums represented by the two checks were derived, while the defendant contends that Wood was acting in his individual capacity and on behalf of the plaintiff. This question and the substance of defendant's requested instructions thereon were fully covered by the court's instructions to the jury.

■ It is next contended that the court erred in refusing to instruct the jury as requested by the defendant, relative to certain purported false representations made by the plaintiff, and that such refusal so to instruct took away from the jury the entire counter-

claim of the defendant. However, we are not referred to, and have been unable to find, any testimony to support this requested instruction.

██ The court gave the following instruction:

"There is a controversy between the parties as to whether that assignment and the true agreement of the parties meant the full face of the estimate was assigned, or, on the other hand, whether the parties meant that the net claim, that is, the face of the estimate less payments made by Hill on account of Gately's contract a debt was meant by the word 'claim'. The court received evidence to aid you in determining what the meaning of this contract was, what the true agreement of the parties was. That evidence was received only for the purpose of clearing up or enabling you to clear up in your minds the true meaning of the ambiguous portion of the assignment, and you will have to determine that question. You will determine the amount due from Hill to Gately on the estimates named in the assignment and if there was an over-payment caused by the action of the bank as alleged in the complaint, resulting in a corresponding benefit to the bank on the two estimates mentioned in the complaint, then you will determine the amount of such over-payment or over-payments, if any, and then if under the assignment of the estimates for the months mentioned in the assignment any sum accrued or became due from Hill to Gately and were covered by the assignment, you would deduct the amount of the total and subsequent accruals due Gately from defendant from the amount of the over-payment alleged in the complaint, if there was any. Your verdict, if you find there was any, will be for the net amount of the over-payment, the net of the over-payment. In other words, the question is not the amount of the over-payment, if any, in any one month or two months, the question is, was there a net over-payment on the assignment".

Defendant excepted generally to this instruction, without pointing out in what respect it was considered erroneous. The jury was permitted, under the instruction given, to take into consideration, in arriving at its verdict, not only the amount due Gately on the November and December estimates, but any other sum or sums due him from Hill and included in the assignment. The last half of this instruction is in perfect accord with defendant's contention on this appeal. Therefore, the action of the lower court must be sustained, under the numerous rulings of this court to the effect that if any material part of the instruction excepted to is good, an exception taken to the entire instruction must be overruled. We do not, however, intimate that we consider any part of this instruction erroneous.

The only remaining question to be considered is the alleged error of the trial court in denying defendant's motion for a new trial. In support of this motion it is contended that the plaintiff failed to establish the averments of his complaint and failed to give the defendant credit for sums which were due Gately and had been assigned to the bank. There appears no abuse of discretion on the part of the trial judge in denying this motion. The judgment of the lower court is affirmed.

RAND, C. J., BEAN and CAMPBELL, JJ., concur.