Argued June 20, affirmed October 22, 1979

STATE ex rel ADULT & FAMILY
SERVICES DIVISION,
*Respondent,*

*v.*

McDONALD,
*Appellant.*

(No. 25425, CA 13281)

601 P2d 875

Joseph E. Penna, Monmouth, argued the cause and submitted the brief for appellant.

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief

were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General.

Before, Schwab, Chief Judge, Lee, Gillette, and Campbell, Judges.

GILLETTE, J.

**GILLETTE, J.**

This is a proceeding under ORS 23.789(2) to require the defendant mother to make child support payments to the Department of Human Resources. The mother appeals from an order requiring her to pay the sum of $20 per month. We affirm.

On September 12, 1978, the state filed a petition indicating that petitioner Adult and Family Services Division (AFSD) was providing support for Shane McDonald, that respondent Margaret Carol McDonald was Shane's mother, and that she owed Shane a duty of support. The petition then asked that the court require that respondent pay a certain amount to AFSD each month for the support of the child.[1]

The matter was first heard on December 11, 1978, and was continued. After a further hearing on January 8, 1979, the court entered its order of support which is the subject of this appeal.

At the time the mother and father were divorced, father was awarded custody of Shane, mother the custody of another child, and no support was ordered. The absence of an order of support, however, does not mean that mother had no duty to support Shane. ORS 109.010 provides:

> "Parents are bound to maintain their children who are poor and unable to work to maintain themselves* * * *"

This parental obligation exists independent of any decree. *See Hess v. Hess*, 115 Or 595, 235 P 124 (1925); *State v. Longford*, 90 Or 251, 176 P 197 (1918).

At issue in this case is the impact on this obligation of ORS 23.789(2) which provides:

> "* * * * *
>
> "(2) In any case involving a child or custodial parent or other dependent person who is a recipient

---

[1] Payments were to be prospective.

[795]

of public assistance or care, support or services, the Support Enforcement Division of the Department of Justice shall represent such child or children, caretaker parent, other dependent person or the Department of Human Resources for the purpose of seeking modification, or enforcement through contempt proceedings, garnishment, an order for assignment of wages under ORS 23.777 or 23.783 or the Uniform Reciprocal Enforcement of Support Act, of any order or decree entered under ORS chapter 107, 108, 109, 110 or 419. The Support Enforcement Division shall also move to initiate proceedings for orders of support under those chapters."

■ This case is, in the language of ORS 23.789(2), a "* * * case involving a child * * * who is a recipient of public assistance." Since it is such a case, the "* * * Support Enforcement Division of the Department of Justice * * * represent[s] such child * * * or the Department of Human Resources [of which AFSD is a part] for the purpose of seeking * * * enforcement * * * of any order or decree entered under ORS chapter[s] 107, 108, 109, 110 or 419." Since no such order *requiring support* has been entered, "[t]he Support Enforcement Division shall also move to initiate proceedings of support under these chapters."

This is precisely what the state, acting through the Support Enforcement Division (SED) has done: it has brought a proceeding on behalf of the child to enforce the general duty of support. ORS 109.100 authorizes such a suit:

"(1) Any minor child or state agency on behalf of that minor child may, in accordance with ORS 13.041, apply to the circuit court in the county in which he resides, or in which his natural or adoptive father or mother may be found, for an order upon such child's father or mother, or both, to provide for the child's support. The minor child or state agency may apply for the order by filing in such county a petition setting forth the facts and circumstances upon which he relies for such order. If satisfied that a just cause exists, the court shall direct that a citation issue to the father or mother requiring him or her to

appear at a time set by the court to show cause why an order of support should not be entered in the matter. If it appears to the satisfaction of the court that such child is without funds to employ counsel, the court may make an order directing the district attorney to prepare such petition and citation.

"(2) The provisions of subsection (3) of ORS 108.110, ORS 108.120 and 108.130 shall apply to proceedings under subsection (1) of this section."

We conclude that this proceeding was properly initiated and that the trial court's judgment was proper. The dissent would decide this case based upon two propositions which we do not find relevant:

1. "The assignee stands in the shoes of the assignor. Plaintiff * * * could acquire no greater interest in the [support] rights than what the father possessed." (Dissenting opinion at 1). This statement is based upon the false assumption that the state's action here is dependent upon some right the *father* has. As the statutes set out above make clear, however, the right belongs equally to the child—*see* ORS 109.100, *supra*—as the person to whom the obligation is owing and to AFSD—*see* ORS 23.789(2), *supra*—as the agency/provider of support. The state required no assignment from the father to proceed.[2]

2. "The father's exclusive remedy to obtain child support from the mother is under ORS 107.135(1)(a) based upon a change of circumstances." (Dissenting opinion at 2). This is true, but irrelevant. It is not the father's right but AFSD's own, independent right which is asserted here. And, since that is all that is asserted and all that the trial court's order vindicated, the resulting judgment was proper.

Affirmed.

_____

[2] The dissent places great emphasis on the fact that the Assistant Attorney General representing SED told the court that SED had an "assignment" from the father. The "assignment" —whatever it was—is not in the record and, as the text shows, would have been superfluous even if in the record.

**CAMPBELL, J.,** dissenting.

It may be, as the majority suggests, that the plaintiff could have brought a proceeding based upon its own independent right under ORS 23.789(2) to collect child support from the mother. However, the plaintiff elected to proceed under an assignment[1] from the father:

> "MR. MAIN (Assistant Attorney General): First of all, I point out to the Court that this action is brought on behalf of the State and not Mr. McDonald or the child.

> "THE COURT: Yes.

> "MR. MAIN: We're operating under an assignment of support rights from the father of the child."

The above statement is a declaration of the plaintiff's position and it is bound by it. *Archambeau v. Edmundson,* 87 Or 476, 171 P 186 (1918). It is also a judicial admission of the fact that the assignment was executed and given to the plaintiff. *Dunning v. Northwestern Electric Co.,* 186 Or 379, 199 P2d 648, 206 P2d 1177 (1949); *Montesano L & M Co. v. Portland I Wks,* 94 Or 677, 186 P 428 (1920).

The assignee stands in the shoes of the assignor. Plaintiff, as the assignee of the father's support rights, could acquire no greater interest in the rights than what the father possessed. *Weyerhaeuser Co. v. First Nat. Bank.,* 150 Or 172, 38 P2d 48, 43 P2d 1078 (1935); *Hill v. Wood,* 142 Or 143, 19 P2d 89 (1933).

The father's exclusive remedy to obtain child support from the mother is under ORS 107.135(1)(a) based upon a change of circumstances. *Nelson and Nelson,* 27 Or App 167, 555 P2d 806 (1976), *rev den* (1977); *D'Ambrosio v. D'Ambrosio,* 15 Or App 435, 515 P2d 1353 (1973).

I would, therefore, dismiss the petition.

---

[1] It could be argued that an assignment of the support rights was required. ORS 418.042(1). *Gibson v. Johnson,* 35 Or App 493, 499-500, 582 P2d 453, *rev den* (1978).