Argued and submitted October 12, 1979,
affirmed March 24, 1980

STATE EX REL ADULT AND
FAMILY SERVICES DIVISION,
*Appellant,*

*v.*

LESTER,
*Respondent,*
*and*
WHIPPS, Mother.

(No. 54465, CA 14606)

608 P2d 588

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Richard L. King, Portland, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

This is an action for support under ORS 23.789(2),[1] brought on behalf of the state by the Adult and Family Services Division (AFSD) as assignee of the mother against respondent, the father of a minor child. AFSD seeks to require respondent to make child support payments to the Department of Human Resources. The trial court denied AFSD's petition and it appeals.

A previous decree of dissolution awarded custody of the child to the father. No child support payments were required by the decree. For reasons not material here, the child, age 16, now resides with her mother, who receives public assistance from the State of Oregon on her behalf.

Public assistance was provided for the child while she was living with her mother. As a prerequisite to the receipt of such assistance, the mother was required by ORS 481.042(1)[2] to assign her support rights to the

---

[1] ORS 23.789(2):

"In any case involving a child or custodial parent or other dependent person who is a recipient of public assistance or care, support or services, the Support Enforcement Division of the Department of Justice shall represent such child or children, caretaker parent, other dependent person or the Department of Human Resources for the purpose of seeking modification, or enforcement through contempt proceedings, garnishment, an order for assignment of wages under ORS 23.777 or 23.783 or the Uniform Reciprocal Enforcement of Support Act, of any order or decree entered under ORS chapter 107, 108, 109, 110, or 419. The Support Enforcement Division shall also move to initiate proceedings for orders of support under those chapters."

[2] ORS 418.042(1):

"Aid, as defined in subsection (2) of ORS 418.035, shall not be granted to, or on behalf of, any applicant, or recipient and for as long as the applicant or recipient refuses to assign to the Department of Human Resources any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at any time such assignment is executed, or refuses to cooperate with the Department of Human Resources in establishing the paternity of a child born out of wedlock and in obtaining support or other payments of property due the applicant or the child."

Department of Human Resources.[3] In *Gibson v. Johnson,* 35 Or App 493, 499-500, 582 P2d 452, *rev den* 284 Or 521 (1978), this court explained the statutes relating to such an assignment of support rights:

> "* * * The general statutory plan is that the recipient must assign support rights to the state, and the state, with the required cooperation of the recipient-assignor, collects the support from the obligor. The support is collected on behalf of the state as assignee and not on behalf of the recipient. *See Warlick v. Pub. Wel. Div.,* 29 Or App 21, 562 P2d 223, *rev den* (1977); *Whallon and Whallon,* 23 Or App 307, 42 P2d 155 (1975). The essence of this statutorily created relationship is that of assignor-assignee. * * * The contact between the recipient and the SED [Support Enforcement Division] attorneys is for the benefit of the state in recouping some of the funds paid out for aid to dependent children. * * *"

An assignee stands in the shoes of his assignor. Plaintiff, as assignee of the mother's support rights, could acquire no greater interest in those rights than she possessed. *Weyerhaeuser Co. v. First Nat. Bank,* 150 Or 172, 38 P2d 48, 43 P2d 1078 (1935); *Hill v. Wood,* 142 Or 143, 19 P2d 89 (1933).

The only means the mother has to collect child support from the father is to seek modification of the dissolution decree to provide for payment of child support. ORS 107.135(1)(a). AFSD has the right under ORS 23.789(2) to petition for such a modification. This is not such a petition and, because AFSD has no greater rights or remedies than its assignor has, there is no legal basis for this petition. It was properly denied.

AFSD also asserts that it is empowered by the last sentence of ORS 23.789(2)[4] to initiate proceedings for

---

[3] AFSD's petition for support avers that "Petitioner is, pursuant to ORS 418.042 and Mother's assignment thereunder, the duly constituted assignee of Mother's child support rights." The assignment is not in the record, but no question has been raised with respect to its execution or validity.

[4] *See* ORS 23.789(2), *supra,* note 1.

an order of support under ORS 109.010, which provides:

> "* * * Parents are bound to maintain their children who are poor and unable to support themselves * * *."

It is true that ORS 23.789(2) authorizes AFSD to "initiate proceedings for orders of support" under chapter 109 and that ORS 109.010 is a section of that chapter, but such a simplistic reading ignores the statutory scheme. ORS 109.010 merely states a legal duty; it does not provide for a legal procedure for the enforcement of that duty. That is done in other sections. Two examples illustrate this point: ORS 109.100[5] provides a procedure whereby a child, or the state on the child's behalf, can apply to the circuit court for an order requiring a parent to provide for the child's support in the absence of a dissolution decree. ORS 109.125 to 109.235 provides a filiation procedure culminating in a support order. In proper cases, AFSD may avail itself of any of the judicial procedures and remedies provided by ORS ch 109 for the enforcement of the general parental obligation described by ORS 109.010, but it may not create new ones by sole virtue of ORS 109.010.

Recently, in *State ex rel Adult & Family Services v. McDonald*, 42 Or App 793, 601 P2d

---

[5] ORS 109.100(1) provides:

"Any minor child or state agency on behalf of that minor child may, in accordance with ORS 13.041, apply to the circuit court in the county in which he resides, or in which his natural or adoptive father or mother may be found, for an order upon such child's father or mother, or both, to provide for the child's support. The minor child or state agency may apply for the order by filing in such county a petition setting forth the facts and circumstances upon which he relies for such an order. If satisfied that a just cause exists, the court shall direct that a citation issue to the father or mother requiring him or her to appear at a time set by the court to show cause why an order of support should not be entered in the matter. If it appears to the satisfaction of the court that such child is without funds to employ counsel, the court may make an order directing the district attorney to prepare such petition and citation."

875 (1979), this court held that the state could proceed on behalf of a child under ORS 23.789(2), 109.010 and 109.100, to obtain an order of parental support, despite the existence of a dissolution decree which provides for custody of the child. It should be noted that the *McDonald* case was decided by a divided court. Moreover, it is arguable that allowing a separate order of child support under ORS 109.100 would be, essentially, a collateral attack on any pre-existing dissolution decree and would lead to the undesirable situation of two coequal court orders regulating the same familial and financial relationship. Because the petition in this case is predicated on the state's rights as assignee of the mother by virtue of paying public assistance to her, the issue urged on appeal by the state of whether ORS 109.100 provides a separate basis for recovery is not presented and we do not reach it.

Affirmed.