Argued and submitted February 21, affirmed September 24, 1986

In the Matter of the Marriage of

BELL,
*Petitioner,*
*and*

BELL,
*Respondent.*

STATE ex rel BELL,
SUPPORT ENFORCEMENT DIVISION,
*Appellant,*

*v.*

BELL,
*Respondent.*

(D78-1551; CA A36485)

725 P2d 938

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Darryl E. Johnson, P.C., Roseburg, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state seeks reversal of the trial court's denial of its motion to modify a judgment of dissolution.

The parties were divorced in 1979. The judgment awarded custody of the couple's three children to wife and awarded her $100 monthly support for each child. It also awarded her possession of the family residence and granted husband a $10,000 lien against the property. Wife moved from the family home and attempted to rent it. She was unable to do so and was forced to sell the house in 1983. The proceeds of the sale were insufficient to pay husband's lien and husband and wife executed a stipulation in which he acknowledged satisfaction of his lien in exchange for the release of his obligation to pay child support from October, 1983, until March, 1987. The state concedes that they were acting in good faith and were not colluding in order to qualify wife for public assistance. The stipulated order was submitted to and signed by the court on October 28, 1983, as a modification of the original judgment.

In March, 1984, wife applied for and began to receive public assistance benefits under ORS chapter 411. The payments continued until February, 1985, when she secured employment. On July 17, 1984, the Support Enforcement Division filed a motion in circuit court to "suspend" or modify the stipulated modification. It argued to the trial court that it sought the modification to enable it to recover from husband the amount of public assistance payments it was making to wife. The state appeals from the trial court's denial of that motion.

The state argues that the October, 1983, modification is void, because the trial court made no express finding that there had been a substantial change in circumstances. The argument was not raised below, and we will not consider it. That modification is not subject to challenge.

It is not clear under what theory the state sought the present modification. If the motion is made pursuant to *former* ORS 23.789(2),[1] the state stands in mother's shoes, as

---

[1] *Former* ORS 23.789(2) provided:

"In any case involving a child or custodial parent or other dependent person

her assignee, ORS 418.042(1),[2] unless it also has an independent right under ORS 23.789)2) to seek reimbursement for support.[3] *See State ex rel AFSD v. Lester,* 45 Or App 389, 608 P2d 588 (1980). On appeal, however, the state does not contend that it is proceeding pursuant to an independent right to seek reimbursement for support; it argues *only* that it has the right, as the assignee of mother's right to child support, to seek a modification of the judgment on the basis of a change of circumstances. It contends that mother's receipt of public assistance constitutes the change in circumstances since the stipulated modification and that that change justifies a modification.

We have reviewed the record *de novo.* We note that mother received public assistance for a short time before the stipulated modification, while she was still receiving child

---

who is a recipient of public assistance or care, support or services, the Support Enforcement Division of the Department of Justice shall represent such child or children, caretaker parent, other dependent person or the Department of Human Resources for the purpose of seeking modification, or enforcement through contempt proceedings, garnishment, an order for withholding of wages under ORS 23.777, 23.783 or 416.445 or the Uniform Reciprocal Enforcement of Support Act, of any order or decree entered under ORS 108.010 to 108.550 or ORS chapter 107, 109, 110, 416 or 419. The Support Enforcement Division shall also move to initiate proceedings for orders of support under those chapters."

[2] ORS 418.042(1) provides:

"Aid, as defined in ORS 418.035(2), shall not be granted to, or on behalf of, any applicant, or recipient and for as long as the applicant or recipient refuses to assign to the Department of Human Resources any rights to support from any other person such applicant may have personally or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at any time such assignment is executed, or refuses to cooperate with the Department of Human Resources in establishing the paternity of a child born out of wedlock and in obtaining support or other payments or property due the applicant or the child. If aid is paid and received for the support of a child, the rights to child support that any person may have for the child are deemed to have been assigned by operation of law shall be given to the applicant at the time of application for public assistance, and shall be given to any obligee who may hold some interest in such support rights by depositing a notice in the United States mail, postage prepaid, addressed to the last-known address of such person."

[3] The state characterized its motion as one for modification, which could only be based on its right as an assignee of mother's right to support. It attempted to show a change in circumstances. At the same time, it relied on language in a dissenting opinion of Judge Campbell in *State ex rel Adult & Family Services v. McDonald,* 42 Or App 793, 798, 601 P2d 875 (1979), to support the proposition that it has an independent right to enforce father's statutory duty of support under ORS 109.010, which is broader than its right as an assignee of mother's right to support. The state does not purport to bring its motion under ORS 109.100 or ORS 109.125 through 109.235. *See State ex rel AFSD v. Lester, supra.*

support. She was unemployed at the time of the dissolution, at the time when she sold the family residence and at the time of the stipulated modification. Her only source of income during that entire period was child support and an occasional loan from her father. The sale of the house netted her an additional $27 per month. There is no evidence that her financial needs have increased beyond what they were at the time of the stipulation. *Dooley and Dooley,* 30 Or App 989, 569 P2d 627 (1977).[4] The fact that wife began receiving public assistance does not, in and of itself, constitute a change of circumstances, when, as here, there is no evidence that the receipt of public assistance was due to an increased need for support since the stipulated modification. The state has limited its claim to the change of circumstances theory, but it failed to make its case.

Affirmed.

---

[4] We note that this is consistent with the trial court's finding that the needs of the children remain unchanged.