Argued and submitted June 8, 1987, affirmed October 19, 1988

COMMONWEALTH ELECTRIC COMPANY,
*Appellant,*

*v.*

FIREMAN'S FUND INSURANCE COMPANY,
*Respondent.*

(A8506-03669; CA A40032)

762 P2d 1041

Lindsey H. Hughes, Portland, argued the cause for appellant. With her on the briefs were James E. Bartels, Jeffrey M. Batchelor, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Douglas G. Houser, Dianne K. Ericsson, and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff sought to recover from defendant the amount of its judgment against defendant's insured, Otley, which included damages for the loss of use of a rented crane, legal fees incurred in defending an action by the owner of the crane and other expenses which it had incurred by reason of damage to the crane. Plaintiff had hired Otley to transport the crane. Otley had a motor cargo liability policy issued by defendant.[1] While *en route,* the crane was damaged as a result of Otley's negligence. Defendant paid the cost of repair but refused to pay Otley's liability for plaintiff's continuing obligation to make rental payments during the time required for the repairs. Plaintiff then sued Otley. Defendant refused the tender of defense of that action, and a consent judgment was entered against Otley, who then assigned his rights under the policy to plaintiff in settlement of the judgment against him. This action followed. Defendant obtained a summary judgment of dismissal. We affirm.

Plaintiff asserts that the policy insured Otley's entire liability arising out of his transporting the crane, including the unreimbursed expenses for which Otley was liable to plaintiff. Although issues about the coverage of the policy were raised and determined on the summary judgment motion, we need only decide defendant's contentions that plaintiff's action is time-barred and that the trial court erred in ruling that the 12-month limitation contained in the policy for bringing an action[2] only began to run when the judgment was entered against Otley in the action against him by plaintiff instead of at an earlier date.

■     Plaintiff contends that defendant may not raise the

---

[1] The policy is "casualty insurance" within the definition in ORS 731.158. The Insurance Code specifically requires that a fire insurance policy contain a provision similar to the limitation on actions provided in this policy, ORS 743.660; *see* n 2, *infra,* but the code neither expressly requires, allows nor prohibits such a provision in a casualty insurance policy. The Insurance Commissioner has control over the contents of the policy. ORS 731.158.

[2]     "17. SUIT. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim provided however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State."

limitation issue on appeal, because it has not been properly preserved. Defendant had moved to dismiss on the basis that the limitation period in the policy had expired. The trial court denied the motion, and defendant failed to raise it later as an affirmative defense or as a ground for summary judgment. Nonetheless, plaintiff's argument is without merit. The contractual limitation issue was raised and ruled on in defendant's motion to dismiss. Under *Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972), defendant is entitled to assert the issue as a ground to uphold the dismissal.

■ The accident which damaged the crane occurred on August 5, 1981. Defendant paid only the cost of repair. Plaintiff filed this action on June 11, 1985, almost four years after the accident. An assignee stands in the shoes of the assignor and acquires no greater interest than the assignor possessed. *Weyerhaeuser Co. v. First National Bank,* 150 Or 172, 198, 38 P2d 48, 43 P2d 1078 (1935); *State ex rel AFSD v. Lester,* 45 Or App 389, 392, 608 P2d 588 (1980). Plaintiff's action had to satisfy the same time limitation as would have applied to the insured, Otley, had he sued on the policy. Otley had to sue "within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim." In this context, "occurrence" can only mean the incident which caused damage to the crane. Plaintiff failed to pursue the claim within the time limit, and the action was not timely.

Affirmed.