R. Patrick SCANLON,
*Appellant,*

*v.*

Robert A. JENSEN,
*Respondent,*

*and*

Thomas R. SANFORD
and Anne H. Sanford,
*Defendants.*

(88-04-02337; CA A61032)

796 P2d 371

Barbee B. Lyon, Portland, argued the cause for appellant. With him on the briefs were Terry W. Baker and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Timothy R. Volpert, Portland, argued the cause for respondent. With him on the brief were Valerie T. Auerbach, James C. Waggoner and Waggoner, Farleigh, Wada, Georgeff & Witt, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff seeks a declaration that defendant is liable for a $70,000 real estate commission. The trial court granted defendant's motion for a directed verdict after the close of plaintiff's case-in-chief, concluding that ORS 696.710 barred plaintiff's action. Plaintiff appeals from the judgment of dismissal. We reverse and remand.

Defendants Jensen and Sandfords[1] owned an apartment complex referred to as Evergreen Park Apartments. Northern Properties, Inc. (Northern Properties), a licensed real estate broker, managed the apartment complex, and plaintiff was employed by it as a licensed real estate salesperson.

In October, 1985, Northern Properties and defendant executed this document, entitled "Commission Agreement":

"Northern Properties shall receive a commission of $70,000 for their [sic] services related to the exchange of Evergreen Park Apartments and the ultimate sale of the properties traded for Evergreen Park Apartments.

"Said commission shall be paid on terms acceptable to the sellers of Evergreen Park Apartments and Northern Properties but no later than five years from the close of the last sale escrow."[2]

Plaintiff testified that Northern Properties located a purchaser, who exchanged several properties in return for the Evergreen Park Apartments. In February, 1986, defendant sold all of the properties that he had received in the exchange, but did not pay Northern Properties the commission provided for in the agreement. In April, 1988, Northern Properties assigned to plaintiff all of its right, title and interest in the commission agreement.

The narrow questions on appeal are whether ORS 696.710(2) precludes the assignee of a licensed real estate broker from maintaining an action to collect a commission earned

---

[1] Defendants Sanford were not served with process, and the action was dismissed by the court as to them for want of prosecution; they are not parties to this appeal. Defendant refers to defendant Jensen.

[2] Plaintiff sought a declaratory judgment, because five years have not elapsed from the close of the last sale escrow.

by the broker and, if not, whether it makes any difference if the assignee is a licensed real estate salesperson. ORS 696.710 provides:

> "(1)   No person engaged in the business of, or acting in the capacity of, a real estate broker or appraiser within this state shall bring or maintain any action in the courts for the collection of compensation without alleging and proving that the person was a duly licensed real estate broker or appraiser at the time the alleged cause of action arose.

> "(2)   No action in the courts for collection of compensation for an individual engaged in the business of, or acting in the capacity of a real estate salesperson or associate broker may be brought or maintained except by the duly licensed real estate broker with whom the salesperson or associate broker was engaged at the time the alleged cause of action arose."

Defendant would construe subsection (2) literally, arguing that, notwithstanding a valid assignment from a licensed broker, real estate salespersons are precluded from bringing or maintaining an action to collect a commission, owing to the broker; thus, plaintiff, a real estate salesperson, may not maintain this action. We construe statutes in derogation of the common law strictly, *Lane County v. Heintz Const. Co. et al.,* 228 Or 152, 158, 364 P2d 627 (1961), and conclude that the legislature did not intend ORS 696.710(2) to abrogate the right of assignment.

ORS 696.710(1) denies unlicensed brokers access to the courts. Because Northern Properties was a licensed broker, clearly it could have brought the action in its own name, had it not assigned its claim for the commission. ORS 696.710(2) requires that salespersons' claims for compensation be brought by the "duly licensed real estate broker with whom the salesperson * * * was engaged at the time the alleged cause of action arose." Relying on *Miller v. Ziedrich et al.,* 199 Or 505, 263 P2d 611 (1953), defendant argues that, because the assignment contravenes ORS 696.710(2), it is void and unenforceable.

Defendant's reliance on *Miller,* is misplaced. There, the plaintiff, a licensed broker, brought an action to enforce a contract for a commission entered into by a salesperson in its employ. The court reasoned that, because it is illegal for a salesperson to accept compensation from anyone other than a

licensed broker, it is equally illegal for a salesperson to contract for such compensation. Because the contract was void, it gave no rights to the salesman; consequently, it gave none to his broker as principal.

That is not this case. Plaintiff did not contract for compensation with anyone other than his broker, and this action is not brought to collect compensation for himself. Rather, it is brought to collect, or to determine the broker's right to collect, the compensation to which it is alleged the broker is entitled under the agreement. Under the assignment, plaintiff, as assignee, has the same rights as the assignor, nothing more, nothing less. *See Weyerhaeuser Co. v. First Nat. Bank,* 150 Or 172, 197-98, 38 P2d 48, 43 P2d 1078 (1935); *Commonwealth Electric Co. v. Fireman's Fund Ins.,* 93 Or App 435, 438, 762 P2d 1041 (1988). Because Northern Properties was a licensed real estate broker, it was entitled under ORS 696.710(1) to maintain an action to collect a commission; plaintiff, as its assignee, has the same right.

Our conclusion accords with the licensing scheme embodied in ORS chapter 696 that regulates the real estate profession. To engage in "professional real estate activities," ORS 696.010(10), brokers and salespersons, among others, are required to be licensed. ORS 696.020. A salesperson has no legal authority to act in his own name; he may act under a licensed broker or real estate organization "and not otherwise." ORS 696.025(6). Salespersons are specifically prohibited from accepting commissions from anyone other than a broker. ORS 696.301(2). An assignment of a contractual right to a commission by a licensed broker dealer to a third person does not circumvent or defeat the licensing scheme.

The fact that the third person here happens to be a licensed real estate salesman does not change the result. By accepting the assignment, plaintiff is not contracting with defendant for compensation; neither is he accepting compensation from anyone other than a broker. Rather, he is asserting his broker's right to compensation under a contract between it and defendant. Accordingly, we conclude that ORS 696.710(2) does not bar an action by a licensed real estate salesperson brought pursuant to a valid assignment[3] from a

---

[3] We do not address defendant's contentions regarding the validity of the assignment. Those arguments should be addressed by the trial court on remand.

licensed real estate broker.

Reversed and remanded.