Argued and submitted October 6, reversed and remanded in part on appeal and
cross-appeal; othwise affirmed December 13, 1995

In the Matter of the Marriage of

Alexis SIMMONS,
nka Alexis Stapleton,
*Respondent - Cross-Appellant,*
*and*

Rolland Lee SIMMONS,
*Appellant - Cross-Respondent.*

(C881653DR; CA A84132)

907 P2d 1134

William R. Valent argued the cause for appellant - cross-respondent. With him on the briefs was Soriano and Valent.

Sharon E. Kelly argued the cause and filed the brief for respondent - cross-appellant.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband appeals from a judgment modifying a judgment of dissolution. He argues that the trial court erred in failing to terminate his spousal support obligation and in requiring him to maintain a $50,000 life insurance policy with his wife as the beneficiary. Wife cross-appeals, arguing that the trial court erred in reducing her spousal support from $500 per month to $200 per month and in awarding attorney fees to husband. We review *de novo*, ORS 19.125(3), and affirm as to the award of spousal support, but reduce the amount of life insurance.

Husband and wife's 24-year marriage was dissolved in 1988. During their marriage, wife was employed sporadically. At the time of dissolution, she was working as a receptionist earning $940 per month. Husband earned approximately $2,610 per month as a billing clerk and an additional $80 per month from a second job. He also had a vested interest in a pension plan valued at $18,540. Wife had no retirement plan and testified that she did not expect her income to increase, except for "small incremental raises which may well not equal the rise in the cost of living." The trial court awarded spousal support to wife in the amount of $300 per month, commencing January 1, 1989, and ordered that the amount increase to $500 per month commencing July 1, 1989.

In 1993, husband moved to terminate the spousal support obligation or, in the alternative, to reduce the amount of the award. The trial court reduced husband's obligation to $200 per month, but required him to continue to carry wife as the beneficiary of a $50,000 life insurance policy. On appeal, husband argues that a substantial change of circumstances has occurred because wife has remarried and her income has increased to $1,559 per month. Furthermore, he offered evidence that his income has decreased to $2,560 per month due to a salary cut by his employer and because he no longer works at a second job. Wife counters that her remarriage has no impact on her standard of living, especially in light of the fact that her current husband is attempting to start his own business as a certified public accountant (CPA) and, at present, that endeavor makes little profit. Moreover, she argues that the court's order in the original judgment

contemplated that her income would increase over time. She points out that husband's decision to quit his second job was voluntary. Thus, she concludes that there has been no substantial change of circumstances warranting modification of the spousal support amount.

In determining whether a modification of the spousal support amount is appropriate, we begin with the parties' financial positions at the time of the original award and consider the purposes for which the award was made. *See Bates and Bates*, 303 Or 40, 45, 733 P2d 1363 (1987). Based on the record before us, it appears that the award of spousal support was intended to address the disparity in the parties' incomes and their earning capacities. ORS 107.135 authorizes a court to modify an award of spousal support if the economic circumstances of a party have substantially changed.[1] In this case, wife's personal income has increased from $940 per month to $1,559 per month, an increase of approximately 64 percent. Although the original award may have anticipated that wife would receive small incremental income increases over a period of time, a 64 percent wage increase in a four-year period does not fall within that characterization. While we agree with wife that her remarriage cannot be the sole basis for finding a substantial change in her economic situation, we consider it as a factor along with other

---

[1] ORS 107.135 provides, in pertinent part:

"(2) In a proceeding under this section to reconsider the spousal or child support provisions of the decree, the following provisions apply:

"(a) A substantial change in economic circumstances of a party, which may include, but is not limited to, a substantial change in the cost of reasonable and necessary expenses to either party, is sufficient for the court to reconsider its order of support.

"* * * * *

"(3) In considering under this section whether a change in circumstances exists sufficient for the court to reconsider spousal or child support provisions of a decree, the following provisions apply:

"(a) The court shall consider income opportunities and benefits of the respective parties from all sources, including but not limited to:

"(A) The reasonable opportunity of each party, the obligor and obligee respectively, to acquire future income and assets.

"(B) Retirement benefits available to the obligor and to the obligee.

"(C) Other benefits to which the obligor is entitled, such as travel benefits, recreational benefits and medical benefits, contrasted with benefits to which the obligee is similarly entitled."

factors that affect her economic situation. *Bates*, 303 Or at 47. Moreover, in arguing that her increased monthly expenses offset the increase in her salary, wife includes expenses incurred by both herself and her current husband. If she is to rely on the increase in expenses caused by her remarriage, she must also include her spouse's contributions to her standard of living as well. In the light of the increase in her salary and the fact that wife's current husband is also contributing to her standard of living, we are persuaded that there has been a substantial change of circumstances warranting a modification of the spousal support award.

Husband argues that spousal support should be completely eliminated when wife's husband's earning capacity as a CPA is considered. He offers expert testimony that wife's husband could earn as much as $45,000 per year with his professional qualifications, and that the potential exists for an income of between $60,000 and $180,000. However, based on the evidence, we are not inclined to speculate as to wife's current husband's potential earnings to the extent that husband suggests. Wife's current husband left employment that paid him approximately $20,000 a year and says that he will make $3,000 to $5,000 for 1993. Husband's expert witness calculates the current husband's actual income to be approximately $12,300 for 1993. Based on that range of income and the corresponding contributions to wife's standard of living, we find the trial court's order modifying the spousal support to $200 per month to be equitable under the circumstances. ORS 107.105(1)(d).

Husband also assigns error to the trial court's order that he provide a $50,000 life insurance policy for the benefit of wife. Wife concedes that the face value of the life insurance policy should be reduced to an amount consistent with the level of spousal support awarded by the court. *See* ORS 107.820. Accordingly, the amount of the policy is reduced to $20,000.

Finally, wife argues that the court abused its discretion in awarding attorney fees to husband. She contends that he is not the prevailing party in this action because she attempted a compromise for a reduced amount of support, but he refused to accept anything but a complete elimination of spousal support. However, we cannot determine from the

record how much effort either side exerted to achieve a compromise. Nevertheless, wife argues that even if she is not the "prevailing party," she has less ability to pay fees than husband, and an award of more than $5,000 was excessive.

■       According to the evidence, wife has the ability to pay attorney fees. As to the amount of fees, her sole argument is that the amount is excessive because of the discovery and the presentation of evidence regarding wife's current husband's income. As wife concedes, the award and the amount of attorneys fees and costs is "a matter largely within the trial court's discretion * * *." *Turner and Turner*, 237 Or 39, 40, 390 P2d 360 (1964). In this case, the trial court concluded that the fees were not unreasonable and based on the record before us, we cannot say that it abused its discretion.

On appeal and cross-appeal, reversed and remanded for entry of judgment modifying amount of life insurance policy; otherwise affirmed. No costs to either party.